373 So.2d 920 (1979)
Sheldon GODFREY et al., Appellants,
v.
Verica NEUMANN et al., Appellees.
No. 55950.
Supreme Court of Florida.
July 27, 1979.
*921 Edna L. Caruso of Montgomery, Lytal, Reiter, Denney & Searcy, West Palm Beach, for appellants.
Cone, Owen, Wagner, Nugent, Johnson & McKeown, and Larry Klein, West Palm Beach, for appellees.
ALDERMAN, Justice.
This cause is before us to review an interlocutory order of the circuit court of Palm Beach County upholding the constitutionality of section 48.193(1)(b), Florida Statutes (1977).[1] We treat the interlocutory appeal as a petition for writ of certiorari and take jurisdiction pursuant to article V, section 3(b)(3), Florida Constitution. Burnsed v. Seaboard Coastline Railroad Co., 290 So.2d 13 (Fla. 1974).[2]
The sole question for our consideration is whether subsection (1)(b) of section 48.193 (Florida's "long arm" statute), which provides that personal jurisdiction over a nonresident who has committed a tort in Florida may be acquired by personally serving the nonresident outside of Florida, is unconstitutional because it fails to satisfy the "minimum contacts" requirement of the due process clause of the federal constitution. *922 We hold that section 48.193(1)(b) is constitutional and deny the writ.
Mrs. Neumann and her husband, the plaintiffs in the trial court, filed a complaint for damages against Willie Godfrey, a minor, and his father, alleging that Mrs. Neumann sustained injuries while swimming in a pool at a condominium complex located in Palm Beach County. The complaint alleged that these injuries were the result of Willie's negligence in jumping from the pool's diving board onto Mrs. Neumann's back. Willie and his father are Canadian citizens, residing in Toronto, and they were vacationing at the condominium complex at the time of the alleged accident. Relying on section 48.193(1)(b) to obtain personal jurisdiction over the defendants, the plaintiffs had Willie's father personally served with a copy of the complaint, along with a copy of the summons, at his office in Toronto.
Willie and his father filed a motion to quash process and service of summons, arguing, among other things, that section 48.193(1)(b) is unconstitutional on the ground that personal jurisdiction cannot be constitutionally obtained over a nonresident for a single isolated alleged tortious act because it does not meet the "minimum contacts" test set forth in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945). The circuit court found section 48.193(1)(b) to be constitutional and denied the motion to quash as to Willie's father. However, the motion was granted as to Willie because the court found that service upon him was defective in that it failed to comply with the requirements for service upon a minor as prescribed by section 48.041.
In International Shoe Co. v. Washington and McGee v. International Life Insurance Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223 (1957), the Supreme Court held that the due process clause requires that in order to subject a nonresident defendant to in personam jurisdiction, it must be shown that the defendant has certain "minimum contacts" with the forum so that the maintenance of the suit would not offend "traditional notions of fair play and substantial justice." In Rosenblatt v. American Cyanamid Co., 86 S.Ct. 1, 15 L.Ed.2d 39 (1965), the Supreme Court was asked to determine whether that portion of the New York "long arm" statute which provides for in personam jurisdiction on the basis of the commission of a tortious act in the state meets this "minimum contacts" test. The Supreme Court upheld the constitutional validity of the statute, stating:
The logic of this Court's decisions in International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95, 161 A.L.R. 1057, and McGee v. International Life Ins. Co., 355 U.S. 220, 78 S.Ct. 199, 2 L.Ed.2d 223, supports the validity of state "long arm" statutes such as the one involved here which base in personam jurisdiction upon commission of a "tortious act" in the forum State. Since those decisions a large number of States have enacted statutes similar to the one here. In cases under these statutes in state and federal courts, jurisdiction on the basis of a single tort has been uniformly upheld.
86 S.Ct. at 3, 15 L.Ed.2d at 43. Even prior to the decision in Rosenblatt v. American Cyanamid Co., "long arm" statutes with provisions similar to section 48.193(1)(b) had been sustained against constitutional attack in other states. See Smyth v. Twin State Improvement Corp., 116 Vt. 569, 80 A.2d 664 (1951), and Nelson v. Miller, 11 Ill.2d 378, 143 N.E.2d 673 (1957).
We hold that section 48.193(1)(b) is constitutional because we find that by committing a tort in Florida a nonresident establishes sufficient "minimum contacts" with Florida to justify the acquisition of in personam jurisdiction over him by personally serving him outside the state.
Accordingly, the writ is denied.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON and SUNDBERG, JJ., concur.
NOTES
[1] Section 48.193, Florida Statutes, provides in pertinent part:

48.193 Acts subjecting persons to jurisdiction of courts of state. 
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits that person and, if he is a natural person, his personal representative to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following:
.....
(b) Commits a tortious act within this state.
.....
(2) Service of process upon any person who is subject to the jurisdiction of the courts of this state is provided in this section may be made by personally serving the process upon the defendant outside this state as provided in s. 48.194. The service shall have the same effect as if it had been personally served within this state.
[2] This cause was initially appealed to the Fourth District Court of Appeal and then transferred by the Fourth District to this Court.