STONE, Chief Judge.
We reverse an order dismissing Appellants’ complaint on the basis of lack of personal jurisdiction, insufficiency of process, and insufficiency of service of process.
Robert Krilich, a part-time resident of Broward County, is an agent and business *583 advisor to the corporate Appellants. Appellants’ claim is based on alleged fraudulent misrepresentations as to the value of certain Federal Home Loan Participation Certificates (“Freddie Maes”) owned by Wildstone U.S.A Corporation (“Wildstone”), a Texas company. Relying on the representations of John Wolcott, Sr. and Jerry Lancaster, Wild-stone’s agents, Krilich advised his principals to purchase the Freddie Maes. He signed a promissory note for $95 million dollars, when in actuality, the Freddie Macs were worth only several thousand dollars.
Krilich filed suit in Broward County seeking rescission of the contract. Appellees filed a motion to dismiss challenging, inter alia, jurisdiction and service, and attached two affidavits from Appellee-Woleott, individually and as president of Wildstone. Wol-cott stated in the affidavits that neither Wol-cott nor Wildstone committed a tortious act in Florida and had never conducted business, maintained any residences or offices, or entered any contracts in the state of Florida. Krilich filed an affidavit in opposition to this motion, stating that Wolcott and Lancaster met with him at his residence in Fort Laud-erdale to discuss the sale of the Freddie Macs. While there, they represented to him that the Freddie Macs were worth millions of dollars and had a value sufficient to justify a sale price in excess of $95 million. He relied on the representations made to him at his home and as a result, executed and delivered the promissory note.
Appellees then filed additional affidavits, wherein Wolcott stated:
All representations of value with Mr. Kri-lich were made and disclosed prior to any visit with Mr. Krilich in Florida. Mr. Kri-lich had his own counsel review the issue of Freddie Mac certificates, who advised him of the limited value of these certificates. All representations concerning these certificates as well as the proposed transaction for sale to Mr. Krilich were completed prior to my visit to Florida.... [T]he issue of value with regard to Freddie Mac certificates had already been discussed and agreement made prior to the visit to Florida.... No representations of value were made to Mr. Krilich, at our Florida visit, that were different from, or in opposition to statements of value [previously] made to Mr. Krilich.
These affidavits of Lancaster and Maurice Furlong, another individual present during the Florida visit, reflected essentially the same information.
The trial court erred by dismissing Appellants’ complaint on the basis of lack of personal jurisdiction. The facts presented established a jurisdictional basis for the claim and Appellees’ minimum contacts with the forum state. The commission of a tort in Florida is sufficient to establish minimum contacts and satisfy federal due process concerns.
A well established “two prong” test is used to determine whether a state has long-arm jurisdiction over nonresident defendants. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989). First, the court must determine whether the complaint alleges sufficient jurisdictional facts to bring the action within section 48.193, Florida Statutes. Venetian Salami, 554 So.2d at 502. Section 48.193(1)(b) subjects nonresidents to jurisdiction in Florida if they have committed a tort in the state. Second, the court must determine whether the nonresidents have sufficient minimum contacts with Florida to satisfy the due process clause of the federal constitution. Id. The minimum contacts must be such that maintenance of the suit does not offend traditional notions of fair play and substantial justice. In other words, the nonresident defendants’ conduct is such that they “should reasonably anticipate being haled into court there.” Id. at 500 (quoting World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980)).
Venetian Salami recognizes that the trial court could render a decision on the basis of affidavits if the facts contained therein can be harmonized. Id. at 502-03. Generally, where the affidavits of the parties conflict and cannot be reconciled, the issue should be resolved by evidentiary hearing. Id. at 503. In this case, both parties argue *584 that an evidentiary hearing was unnecessary because Appellees’ affidavits acknowledge that they made some representations about the Freddie Macs while visiting Krilich in Florida. Both parties also assert that the issue can be disposed of in their favor on the face of the opposing affidavits. We recognize that either side would want an evidentiary hearing if the court was unable to resolve jurisdiction issues in their favor based on the affidavits. We agree, however, that the affidavits may be reconciled, as the parties do not dispute that this meeting occurred. The only issues involve details about what was said and whether Appellants relied on the statements, the very contested issues to be resolved in trying the cause of action.
With respect to the first prong of the test, Appellees contend that Krilich’s complaint does not allege facts which establish jurisdiction because the substantial aspects of the transaction did not occur in Florida. They argue that Appellees, at most, merely reiterated statements they had previously made with respect to the Freddie Macs. See Cable/Home Communication Corp. v. Network Productions, Inc., 902 F.2d 829, 857 (11th Cir.1990) (stating that a substantial aspect of the tort must take place in the forum state); L.O.T.I. Group Productions v. Lund, 907 F.Supp. 1528, 1532 (S.D.Fla.1995) (same); Watts v. Haun, 393 So.2d 54, 56 (Fla. 2d DCA 1981). We conclude that this issue is resolved by Krilich’s swearing that he specifically relied on the representations as to value made to him at his Florida residence. Although Appellees represent that the majority of representations took place before the Ap-pellees ever came to Florida, we cannot say as a matter of law that the misrepresentations in Florida were any less significant when viewed in context with any other misrepresentation.
The second prong of the test is fulfilled by Appellants’ affidavit claiming that Appellees committed the tort in Florida. The commission of a tort in Florida is sufficient to establish minimum contacts. See Godfrey v. Neumann, 373 So.2d 920 (Fla.1979). We recognize that circumstances exist in which the connection with the forum state is so fortuitous and minimal as to fail this prong of the test. See, e.g., Sun Bank, N.A. v. E.F. Hutton & Co., 926 F.2d 1030 (11th Cir.1991) (no personal jurisdiction where the defendant made fraudulent misrepresentations over the telephone because the defendant did not purposefully direct its activities at Florida residents and the calls were merely fortuitous contacts). Nevertheless, tortious conduct such as that alleged here satisfies due process concerns. See Silver v. Levinson, 648 So.2d 240, 243 (Fla. 4th DCA 1994); Paleias v. Wang, 632 So.2d 1132, 1133 n. 2 (Fla. 4th DCA 1994); Smith v. Cuban Am. Nat’l Found., 657 So.2d 86, 86 (Fla. 3d DCA 1995). Appellants have sworn that Appellees physically entered Florida and committed an intentional tort within the state. Under such circumstances, if relied on, Appellees’ contacts with this jurisdiction are more than attenuated or fortuitous; they have purposefully availed themselves of this state and should reasonably expect to be haled into court here. See Rosenblatt v. American Cyanamid Co., 86 S.Ct. 1, 4, 15 L.Ed.2d 39 (1965); Offer v. Arison, 671 So.2d 193 (Fla. 4th DCA 1996). Clearly, Florida has an interest in adjudicating this dispute in order to protect its citizens from nonresidents who enter the state and engage in such conduct. See Burger King, 471 U.S. at 477, 105 S.Ct. 2174.
We find the court also erred by dismissing Appellants’ complaint on the basis of forum non-conveniens, an issue raised for the first time at the motion hearing. The trial court was unable to, and did not, address the factors a court must consider in making a forum non-conveniens determination as to whether an adequate alternative forum exists. See Kinney Sys., Inc. v. Continental Ins. Co., 674 So.2d 86, 90 (Fla.1996). We express no views as to the merits of Appel-lees’ claims on this issue, granting leave for the trial court to re-address forum non-con-veniens claims, if any, on remand.
Finally, the trial court dismissed the ease for insufficiency of process and insufficiency of service of process. Appellees concede that the trial court erred with respect to this issue. Accordingly, we reverse and remand *585 for further proceedings consistent with this opinion.
FARMER and GROSS, JJ., concur.