899 So.2d 1230 (2005)
ILEYAC SHIPPING, LTD., Appellant,
v.
Alberto RIERA-GOMEZ, et al., Appellees.
No. 3D04-879.
District Court of Appeal of Florida, Third District.
April 20, 2005.
*1231 Horr, Novak & Skipp and David J. Horr, Miami, and Eduardo J. Hernandez, for appellant.
Waks & Barnett and Andrew L. Waks, Miami, for appellee Alberto Riera-Gomez.
Fowler White Burnett and Alan R. Kelley and Helaine S. Goodner, Miami, for appellee Maersk Sealand Transport, Inc.
Hayden and Milliken, Miami, and Richard R. McCormack, Ocala for appellee CMA-CGM (Caribbean), Inc.
Before GERSTEN, SHEPHERD, and ROTHENBERG, JJ.
ROTHENBERG, J.
Defendant Ileyac Shipping, Ltd. ("Ileyac") appeals from an order denying its Motion to Dismiss Third Amended Complaint for lack of personal jurisdiction. We affirm.
The plaintiff, Alberto Riera-Gomez, filed a third amended complaint alleging, in part, that he was injured as a result of a tortious act committed by Ileyac within the State of Florida, specifically the Port of Miami, while servicing a ship owned by Ileyac. Thereafter, Ileyac filed its motion to dismiss, asserting that it lacked sufficient minimum contacts with the State of Florida. Ileyac also filed a memorandum of law in support of its motion to dismiss stating that, "As to the first step of the inquiry for determination of the propriety of exercising long arm jurisdiction over a nonresident defendant, in his Third Amended Complaint, Plaintiff would appear to have satisfied this step of the inquiry." Further, at the hearing on the motion to dismiss, Ileyac's attorney stated, in part,
the exercise of personal jurisdiction by this Court will be governed by the Florida Long Arm Statute and the Minimum Contacts. . . . In the third amended complaint, the Plaintiff alleged sufficient jurisdictional *1232 facts which did not exist in the second amended complaint. The Court still needs to perform the second prong of the analysis and ascertain whether minimum contacts exist....
The trial court denied Ileyac's motion to dismiss.
In this appeal from the trial court's denial of the motion to dismiss for lack of personal jurisdiction, the applicable standard of review is de novo. See Wendt v. Horowitz, 822 So.2d 1252, 1256 (Fla. 2002). A two-prong test is used to determine whether a state has long-arm jurisdiction over a nonresident defendant. "First, it must be determined that the complaint alleges sufficient jurisdictional facts to bring the action within the ambit of the [Florida long-arm] statute; and if it does, the next inquiry is whether sufficient `minimum contacts' are demonstrated to satisfy due process requirements." Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989) (quoting Unger v. Publisher Entry Serv., Inc., 513 So.2d 674, 675 (Fla. 5th DCA 1987), review denied, 520 So.2d 586 (Fla.1988)).
Ileyac concedes that the plaintiff has alleged sufficient jurisdictional facts to satisfy Florida's long-arm statute, section 48.193(1)(b), Florida Statutes (2003), thereby satisfying the first prong of the analysis. Section 48.193(1)(b) subjects nonresident defendants to jurisdiction in Florida if they commit "a tortious act within this state."
Ileyac argues, however, that the plaintiff did not meet his burden of establishing that there are sufficient minimum contacts between Ileyac and Florida such that the maintenance of the suit in Florida does not offend traditional notions of fair play and substantial justice, the second prong of the analysis. We disagree.
The Florida Supreme Court has held that "by committing a tort in Florida a nonresident defendant establishes `minimum contacts' with Florida to justify the acquisition of in personam jurisdiction over him...." Godfrey v. Neumann, 373 So.2d 920, 922 (Fla.1979). See also Benson v. Norwegian Cruise Line Ltd., 859 So.2d 1213 (Fla. 3d DCA 2003) (holding that the commission of a tort in Florida is sufficient to establish long-arm jurisdiction); Krilich v. Wolcott, 717 So.2d 582 (Fla. 4th DCA 1998) (holding that "the commission of a tort in Florida is sufficient to establish minimum contacts"). As such, the commission of the tortious conduct alleged in this action, although only a single act, constitutes sufficient minimum contacts.
Additionally, we find that based on the numerous contacts that Ileyac has had with Florida, the due process, minimum contacts requirement has been satisfied. Ileyac time-chartered one of its ships to CMA-CGM (Caribbean), Inc. As part of the agreement, Ileyac agreed to allow its ship to operate within a certain range, including the Port of Miami. Ileyac was responsible for supplying, training, and paying the ship's captain and crewmembers. Additionally, Ileyac was responsible for maintaining insurance, maintaining power and light during the loading and unloading of cargo, and for providing lighting for the deck area and in the holds. Moreover, the undisputed facts demonstrate that the ship docked at the Port of Miami approximately every two weeks and that repairs to the ship were completed at the Port of Miami.
As the plaintiff has satisfied the two-prong test used to determine whether this state has long-arm jurisdiction over a nonresident defendant, we affirm the order under review.