917 So.2d 964 (2005)
GERBER TRADE FINANCE, INC., a foreign corporation, Appellant,
v.
BAYOU DOCK SEAFOOD CO., INC., a foreign corporation, Appellee.
No. 3D04-2303.
District Court of Appeal of Florida, Third District.
December 28, 2005.
*965 Lash & Goldberg and Alan D. Lash and Lawrence Lambert, Miami, for appellant.
Carlton Fields and Allison Oasis Kahn, Miami, for appellee.
Before LEVY, GERSTEN, and FLETCHER, JJ.
LEVY, Judge.
Appellant, Gerber Trade Finance, Inc. ("Gerber"), a foreign company,[1] appeals from an Order dismissing its Complaint for Conversion and Civil Theft against the Appellee, Bayou Dock Seafood, Company ("Bayou"), a foreign company,[2] with prejudice on the ground that Florida lacks personal jurisdiction over Bayou. We reverse.

FACTS
Gerber financed several transactions to purchase frozen seafood products for J.A.D.E. Fisheries, Inc. d/b/a Ocean World Fisheries, U.S.A. ("J.A.D.E."), a Miami corporation. In turn, Gerber was granted a security interest over J.A.D.E.'s seafood inventory.[3] After Gerber recorded its security *966 interest, J.A.D.E. transferred the seafood to Krystal Clear Fisheries, Inc. ("Krystal Clear"), an alter ego of J.A.D.E. The seafood was subsequently transferred to Bayou and kept at a cold storage facility in Miami. Gerber claimed a security interest in the property and demanded its return from Bayou which refused.
Gerber filed its initial Complaint in Miami Dade County, Florida, alleging that Bayou committed tortious acts in Florida; specifically, Conversion, Civil Theft, and Fraudulent Transfer. Bayou moved to dismiss the Complaint for lack of personal jurisdiction, and attached the affidavit of its president, Edward Lee ("Lee"), who specified that Bayou does not conduct regular business activity in the State of Florida; that Bayou does not engage in substantial activity in Florida; and that Bayou does not maintain any offices or agency in Florida. In response, Gerber submitted the affidavit of its vice-president, Jeffrey Silverstein, who verified the allegations of the Complaint. Bayou then submitted a second affidavit from Lee wherein he acknowledged that Bayou agreed to take possession of the seafood in Miami, Florida, but denied the alleged acts were tortious. Specifically, Lee explained that Bayou was approached by Shantou Longfeng Foodstuff Co. ("Shantou") to hold the warehouse in Bayou's name.
The circuit court granted Bayou's Motion to Dismiss with prejudice, concluding that Bayou's contacts with Florida were isolated, limited, not continuous, and not systematic. Gerber filed a Motion for Rehearing and sought leave to amend its Complaint, but both were denied. Gerber appeals, claiming that the circuit court erred in dismissing its Complaint with prejudice for lack of personal jurisdiction over Bayou and denying its Motion to Amend its Complaint. Consequently, the issues before this Court are whether Gerber's Complaint alleging that Bayou committed acts of Conversion and Civil Theft within Florida satisfies Florida's long-arm statute, section 48.193(1)(b) and the constitutional minimum contacts requirement, and whether the circuit court should have allowed Gerber to amend its Complaint pursuant to Rule 1.190(a), to allege sufficient jurisdictional grounds.

PERSONAL JURISDICTION
In Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989), the Supreme Court of Florida explained that in determining whether long-arm jurisdiction is appropriate, the court must first determine that the Complaint alleges sufficient jurisdictional facts to bring the action within the ambit of Florida's long-arm statute; and if it does, the court must then consider whether sufficient minimum contacts are demonstrated to satisfy due process requirements. Id. at 502.
Florida Statutes, section 48.193, provides two categories of personal jurisdiction: general jurisdiction under section 48.193(2), which provides: "[a] defendant who is engaged in substantial and not isolated activity within [Florida], whether such activity is wholly interstate, intrastate, or otherwise, is subject to the jurisdiction of the courts of this State, whether or not the claim arises from that activity[,]" § 48.193(2), Fla. Stat. (2004), and specific jurisdiction under section 48.193(1)(b), which confers jurisdiction over any person who commits a tortious act within Florida. § 48.193(1)(b), Fla. Stat. (2004). In the instant case, Gerber alleged specific jurisdiction over Bayou under section 48.193(1)(b), claiming Bayou's commission of a tort in Florida. Bayou's position below, with which the circuit court agreed, was that Florida lacked jurisdiction because Bayou's action "was isolated, *967 limited, not continuous and not systematic."
We find that the trial court and Bayou erroneously relied upon the general jurisdiction standard where Gerber clearly alleged specific jurisdiction over Bayou. While it is true that under the general jurisdiction standard the defendant must be involved in substantial, not isolated, and continuous contacts within the State, see § 48.193(2), Fla. Stat. (2004), for specific jurisdiction, the plaintiff need only show that the defendant's contact within the State resulted in, among several options, a tortious act. § 48.193(1)(b), Fla. Stat. (2004).
In the instant case, the trial court found that Bayou contested the allegations in the Complaint via affidavit, and Gerber was unable to establish enough jurisdictional facts to bring the action within the ambit of Florida's long-arm statute. We find that Bayou's affidavits did not challenge Gerber's Complaint alleging specific jurisdiction in that Bayou committed tortious acts within Florida. Like its argument, Bayou's first affidavit incorrectly challenges Florida's general jurisdiction over Bayou. Bayou raised in its affidavit the fact that it does not maintain offices or an agency in Florida; that it does not conduct regular business activity in Florida; and that it does not engage in substantial and not isolated activity in Florida. Moreover, in its second affidavit, Bayou simply asserts legal conclusions that its act was not tortious. In fact, Lee, Bayou's president, admitted in his second affidavit dated May 17, 2004, that Bayou took title to the seafood in Miami, and kept it in a cold storage facility, in Bayou's name, in Miami. Bayou's position below, and again on appeal, was that Bayou merely took title to the seafood as a favor to Shantou.
On the undisputed facts, Bayou held the subject seafood in its name, in Miami, and refused Gerber's ownership claim and request to return the property. It is clear that Gerber alleged sufficient jurisdictional allegations to subject Bayou to personal jurisdiction in Florida courts under section 48.193(1)(b) to defend itself from a Conversion and a Civil Theft claim.
Additionally, we find that Gerber's Complaint established that Bayou made sufficient minimum contacts within the State of Florida to justify haling it into the State to defend itself in a Florida court. In Ileyac Ship., Ltd. v. Riera-Gomez, 899 So.2d 1230 (Fla. 3d DCA 2005), this Court held that "by committing a tort in Florida a nonresident defendant establishes `minimum contacts' with Florida to justify the acquisition of in personam jurisdiction over him." Id. (quoting Godfrey v. Neumann, 373 So.2d 920, 922 (Fla.1979)). Moreover, "a tort claim is deemed to have accrued where the last event necessary to make the defendant liable for the tort took place. As to the tort of conversion, that act constitutes the exercise of wrongful dominion and control over the property to the detriment of the rights of its actual owner." Envases Venezolanos, S.A. v. Collazo, 559 So.2d 651, 652 (Fla. 3d DCA 1990) (internal quotes omitted); see also Senfeld v. Bank of Nova Scotia Trust Co., 450 So.2d 1157, 1161 (Fla. 3d DCA 1984) ("Where a person having a right to possession of property makes demand for its return and the property is not relinquished, a conversion has occurred.").
In the instant case, Gerber alleges that Bayou committed Conversion and Civil Theft by exercising wrongful dominion over seafood located in Miami, Florida, which was subject to Gerber's perfected security interest. Moreover, Gerber's allegations went uncontroverted except for Bayou's conclusory affidavit indicating that although it had accepted the seafood in the *968 Miami warehouse, and refused to return the seafood to Gerber upon demand, it did not commit a tort because the inventory was never the property of Ocean World Fisheries. Bayou's affidavits did nothing more than assert legal conclusions, denying that it committed a tort. Thus, Bayou failed to contest the propriety of personal jurisdiction over it in the State of Florida. Acquadro v. Bergeron, 851 So.2d 665, 672 (Fla.2003). Where the control and exercise of dominion over the warehouse in Florida is the basis for jurisdiction, and Bayou does not deny it accepted the seafood in the Miami warehouse, we find that Gerber established Florida's jurisdiction over Bayou. Consequently, where there is no dispute that Bayou exercised and maintained possession of the subject seafood in Miami, Bayou's conduct, and connection with Florida, "[were] such that [it] should reasonably [have] anticipate[d] being haled into court" here. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980).

DISMISSAL OF COMPLAINT WITH PREJUDICE
Although moot in light of our holding regarding the personal jurisdiction issue, we address Gerber's claim that the trial court erroneously dismissed its Complaint with prejudice, in the event the issue resurfaces on remand.
Florida Rule of Civil Procedure 1.190(a), provides that "[l]eave of court [to amend pleadings] shall be given freely when justice so requires." Moreover, Florida courts have interpreted this rule to allow free and liberal amendments to pleadings unless it appears that the privilege to amend will be abused. Linafelt v. Bev, Inc., 662 So.2d 986, 989 (Fla. 1st DCA 1995). Thus, leave to amend a Complaint should not be denied unless the privilege is abused, the opposing party will be prejudiced, or amendment would be futile. World Class Yachts, Inc. v. Murphy, 731 So.2d 798, 800 (Fla. 4th DCA 1999). In the instant case, Gerber was denied the opportunity to amend its original Complaint. Clearly, at this point, Gerber did not abuse its privilege to amend, and any amendment to the pleadings would not have prejudiced Bayou. Moreover, where Gerber argued, and to some extent plead, a conspiracy between Bayou and J.A.D.E./Ocean World Fisheries, amendment of the Complaint does not appear to be futile. Accordingly, we find that the trial court should have at least granted Gerber the opportunity to amend its Complaint after denying personal jurisdiction over Bayou.

CONCLUSION
In light of the foregoing, we reverse the circuit court's dismissal of Gerber's Complaint for lack of personal jurisdiction and hold that exercise of jurisdiction over Bayou is proper. As an aside, we find that the court's dismissal of the Complaint with prejudice was an abuse of discretion.
Reversed and remanded.
NOTES
[1] Gerber is a New York corporation, registered to do business in Florida.
[2] Bayou is a Louisiana seafood distributor.
[3] Gerber recorded a UCC-1 financing statement to perfect its security interest over the inventory.