# Third District Court of Appeal

## State of Florida

Opinion filed March 25, 2026.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D25-0410
Lower Tribunal No. 20-15983-CA-01
_____

**Wen Hsu, et al.,**
Appellants,

vs.

**Sariah Atassi**,
Appellee.

An Appeal from the Circuit Court for Miami-Dade County, Beatrice Butchko Sanchez, Judge.

Karen B. Parker, P.A., and Karen B. Parker, for appellants.

Cohen Norris Wolmer Ray Telepman Berkowitz & Cohen, and Adriana C. Clamens (North Palm Beach), for appellee.

Before SCALES, C.J., and FERNANDEZ and GOODEN, JJ.

PER CURIAM.

Affirmed. See § 48.193(1)(a)(1)-(2), Fla. Stat. (2025) (a non-resident may be subject to specific jurisdiction if it committed any of the acts listed in the statute, including "[o]perating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state" and "committing a tortious act within this state"); Robinson Helicopter Co., Inc. v. Gangapersaud, 346 So. 3d 134, 138-39 (Fla. 2d DCA 2022)("First, the court must determine whether the operative complaint 'alleges sufficient jurisdictional facts to bring the action within the ambit of the [long-arm] statute.' . . . '[I]f it does, the next inquiry is whether sufficient "minimum contacts" are demonstrated to satisfy due process requirements.'" (citing Venetian Salami Co. v. Parthenais, 554 So. 2d 499, 502 (Fla. 1989)); Arlington Pebble Creek, LLC v. Campus Edge Condo. Ass'n, Inc., 232 So. 3d 502, 505 (Fla. 1st DCA 2017) ("[A] party seeking to establish fraudulent misrepresentation [must prove]: (1) a false statement concerning a material fact; (2) the representor's knowledge that the representation is false; (3) an intention that the representation induce another to act on it; and (4) consequent injury by the party acting in reliance on the representation."); Wendt v. Horowitz, 822 So. 2d 1252, 1257-59 (Fla. 2002) (providing that sufficient minimum contacts include "telephonic, electronic, or written communications into Florida from outside the State", without the need for the

2

responding litigant to have been physically present in the state of the alleged cause of action arising from the specific communications); Ileyac Shipping, Ltd. v. Riera-Gomez, 899 So. 2d 1230, 1232 (Fla. 3d DCA 2005) (finding that even a single act connecting the responding litigant with Florida may justify long-arm personal jurisdiction when the single act creates a sufficient minimum connection to Florida); Acquadro v. Bergeron, 851 So. 2d 665, 672 (Fla. 2003) ("In order to prevail on a motion to dismiss [on grounds of lack of jurisdiction over the person], a defendant must file an affidavit containing allegations, which if taken as true, show that the defendant's conduct does not make him or her amenable to service. Additionally, the affidavits submitted must contain something 'more than assertion of legal conclusions[]' [otherwise the burden of proof of the existence of jurisdiction does not shift back to the plaintiff].").