[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT
_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
May 20, 2005
THOMAS K. KAHN
CLERK

No. 04-14939
Non-Argument Calendar
_____

D. C. Docket No. 04-00211-CV-ORL-22JGG

LAWSON CATTLE & EQUIPMENT, INC.,
a Florida corporation,

Plaintiff-Appellant,

versus

PASTURE RENOVATORS LLC,
a Texas limited liability company,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(May 20, 2005)**

Before ANDERSON, BARKETT and HULL, Circuit Judges.

PER CURIAM:

Plaintiff Lawson Cattle & Equipment, Inc. ("Lawson") appeals the district

court's order granting the Rule 12(b) motion to dismiss of defendant Pasture Renovators LLC ("Pasture Renovators") for lack of personal jurisdiction. After review, we affirm.

## I. BACKGROUND

Plaintiff Lawson is a Florida corporation, engaged in the business of selling implements for agricultural use. Plaintiff Lawson has a business office in Florida. Since 1983, Lawson has regularly utilized the mark "Aerator" in its business dealings, selling "Aerator" agricultural implements. The Aerator design is distinguished by its plurality of individual blade segments disposed around a drum in a spiral formation.

The defendant, Pasture Renovators, is a Texas corporation located in Texas. In March 2000, Keith Hedemann, the current President of defendant Pasture Renovators, received a price list, which he had previously requested, for various Aerators from plaintiff Lawson. In August 2000, Charles Haymore, the current Chairman of defendant Pasture Renovators, purchased two 16' x 42" Aerators from plaintiff Lawson for use on his two Texas ranches, the Rudy Ranch and the Cedar Springs Ranch.

In 2003, the Rudy Ranch and the Cedar Springs Ranch needed additional equipment, and Haymore located Aceros y Maquinados Nacionales, S.A.

2

("AMNSA"), a Mexican manufacturer that sold similar equipment at a significantly lower price. Upon locating AMNSA, Haymore explored the possibility of opening an AMNSA distributorship in the United States. To that end, in April 2003, Hedemann once again contacted plaintiff Lawson by sending a fax to Lawson in Florida in which he requested a price list. Two days later, Lawson faxed a price list to Hedemann for the Aerators.

Recognizing a viable business opportunity, in June 2003, Haymore formed defendant Pasture Renovators, as a Texas limited liability corporation and subsidiary of Cedar Ranch, and Pasture Renovators then engaged in the business of distributing agricultural implements. In addition, defendant Pasture Renovators and AMNSA entered into an exclusive distributorship for Pasture Renovators to sell AMNSA products.

Defendant Pasture Renovators, located in Texas, began running advertisements regularly in three national trade magazines — Livestock Weekly, Cattleman Magazine, and Texas Wildlife Extra — for the AMNSA products it intended to sell. Suspicious of the new competition, in January 2004, Willard Palmer, a Florida resident and an associate of Lawson's owner, called defendant Pasture Renovators and posed as a potential customer, requesting information about Pasture Renovators' products. Defendant Pasture Renovators mailed to

Palmer a letter, brochure, photographs, and a price list.  Palmer's secretary in Florida subsequently contacted defendant Pasture Renovators and requested a Texas A&M study on the effects of aeration.  Defendant Pasture Renovators faxed a copy of a Texas A&M study on the effects of aeration, which had been conducted using Lawson equipment.

On February 20, 2004, plaintiff Lawson filed a complaint against defendant Pasture Renovators for trademark infringement, trade dress infringement, unfair competition, and false advertising.  Pasture Renovators filed a Rule 12(b) motion to dismiss the complaint for lack of personal and subject matter jurisdiction and improper venue.  On August 20, 2004, the district court granted defendant Pasture Renovators' motion to dismiss for lack of personal jurisdiction.  Lawson appealed.

## II.  DISCUSSION

After review, we conclude that the district court properly granted Pasture Renovators' motion to dismiss for lack of personal jurisdiction.[1]

An analysis of whether personal jurisdiction exists requires a court to determine whether the exercise of jurisdiction comports with both the forum state's long-arm statute, here Fla. Stat. § 48.193, and the Due Process Clause of the Fourteenth Amendment to the United States Constitution.  Mut. Serv. Ins. Co. v.

---

[1]We review de novo the district court's dismissal for lack of personal jurisdiction. Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1268 (11th Cir. 2002).

Frit Indus., Inc., 358 F.3d 1312, 1319 (11th Cir. 2004). "Under Florida law, a plaintiff seeking to subject a nonresident defendant to jurisdiction of the court through the long-arm statute must do more than allege facts that show a possibility of jurisdiction." Jet Charter Serv., Inc. v. Koeck, 907 F.2d 1110, 1112 (11th Cir. 1990). "A defendant wishing to contest the allegations of the complaint concerning jurisdiction or to raise a contention of minimum contacts must file affidavits in support of his position. The burden is then placed upon the plaintiff to prove by affidavit the basis upon which jurisdiction may be obtained." Acquadro v. Bergeron, 851 So.2d 665, 671 (Fla. 2003) (citing Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla. 1989)).

Because we conclude that Pasture Renovators' contacts with the State of Florida were insufficient to satisfy the Due Process Clause of the United States Constitution, we do not reach the issue as to whether those contacts would satisfy the requirements of Florida's long-arm statute.[2]

_____

[2]The Florida long-arm statute provides:
 (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself . . . to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
. . .
(b) Committing a tortious act within this state.
Fla. Stat. § 48.193(1). The district court concluded that § (1)(b) was satisfied. We need not reach the Florida long arm statute issue because even if Florida's statute is satisfied, plaintiff Lawson fails to establish the second prong of the inquiry: showing that the exercise of jurisdiction in the circumstances of this case comports with the Due Process clause. See Posner

5

"The exercise of personal jurisdiction comports with due process when (1) the nonresident defendant has purposefully established minimum contacts with the forum . . . and (2) the exercise of jurisdiction will not offend 'traditional notions of fair play and substantial justice.'" SEC v. Carrillo, 115 F.3d 1540, 1542 (11th Cir. 1997) (internal quotation marks and citations omitted).

To satisfy the minimum contacts requirement for purposes of personal jurisdiction, a defendant's contacts (1) must be related to the plaintiff's cause of action or have given rise to it, (2) must involve some act by which the defendant has purposefully availed itself of the privilege of conducting activities within the forum, and (3) the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there. Id (quotation marks and citation omitted).

We agree with the district court that defendant Pasture Renovators' contacts with Florida were insufficient to establish personal jurisdiction.

First, Haymore's purchase of the Lawson Aerators in 2000 was for use on his two ranches and not to compete with Lawson. The 2000 purchase had no relation to Lawson's claims that Pasture Renovators later sold a product in 2003

---

v. Essex Ins. Co., Ltd., 178 F.3d 1209, 1220 (11th Cir. 1999) ("Having concluded that [Florida's] long-arm statute creates jurisdiction over Salem with respect to Posner's insurance policy-related claims, we turn to the second part of the jurisdictional inquiry: determining whether exercising jurisdiction in these circumstances comports with due process.").

which infringed upon Lawson's marks. In addition, it was Haymore (not a party to this lawsuit) and not Pasture Renovators (party to this lawsuit) who purchased the Lawson Aerators, and he did so in 2000, three years before defendant Pasture Renovators was even formed. Thus, the district court properly accorded no attribution from this 2000 purchase to the minimum contacts analysis.

Second, with respect to the two inquiries in April 2003 about Lawson's prices, those contacts occurred before Pasture Renovators entered into a distributorship agreement with AMNSA. Determining the prices of Lawson aerators was market research and part of the due diligence conducted by Pasture Renovators in determining whether to reach an agreement with AMNSA to distribute their products. Further, AMNSA, not Pasture Renovators, set the prices for AMNSA's aerators. Accordingly, the district court did not err in concluding that these inquiries were insufficient to provide a basis for personal jurisdiction.

Third, although Pasture Renovators advertises in national magazines, only a small number of subscribers reside within the State of Florida.[3] Further "merely advertising in magazines of national circulation that are read in the forum state is not a significant contact for jurisdictional purposes." Charia v. Cigarette Racing

---

[3]Livestock Weekly has over 19,000 subscribers, 115 of which (0.6%) reside within Florida. Of Cattleman Magazine's more than 15,000 subscribers, only 50 (0.3%) reside within Florida. Texas Wildlife Extra has over 5,000 subscribers, but only 16 (0.3%) in Florida.

Team, Inc., 583 F.2d 184, 187 (5th Cir. 1978) (quotation marks and citation omitted). Otherwise, a business that advertised in a national magazine would be subject to jurisdiction in virtually every state. While these contacts count, they do not count for much.

Finally, with respect to the brochures mailed to Palmer in Florida, and the Texas A&M study faxed to him, we note that this isolated contact with a "prospective Florida purchaser" was done at the behest of Palmer, plaintiff Lawson's agent, and does not constitute purposeful availment by the defendant Pasture Renovators. See Ruiz de Molina v. Merritt & Furman Ins. Agency, Inc., 207 F.3d 1351, 1356 (11th Cir. 2000) ("[I]t is important to remember that the conduct at issue is that of the defendants. . . . Therefore, we must determine what these defendants did to purposefully avail themselves of the benefits of doing business in Alabama such that the notions of reasonableness and fairness are not offended by requiring them to defend themselves in an Alabama court."). The district court did not err in concluding that defendant's contacts with Florida in response to Palmer's unilateral requests did not constitute purposeful availment.

Accordingly, and taking account of all of the alleged contacts together, we conclude that Pasture Renovators did not have the requisite minimum contacts with the State of Florida to allow a court in Florida to constitutionally exercise personal

8

jurisdiction.[4]

## III.  CONCLUSION

For all of the above reasons, this Court affirms the district court's order dismissing this action for lack of personal jurisdiction.

**AFFIRMED.**

---

[4]In addition to finding minimum contacts with the forum, an exercise of personal jurisdiction over a defendant must comport with traditional notions of fair play and substantial justice.  In making this determination, the court looks at:

> (a) the burden on the defendant, (b) the forum State's interest in adjudicating the dispute, (c) the plaintiff's interest in obtaining convenient and effective relief, (d) the interstate judicial system's interest in obtaining the most efficient resolution of controversies, and (e) the shared interest of the several States in furthering fundamental substantive social policies.

Meier ex rel. Meier v. Sun Int'l Hotels, Ltd., 288 F.3d 1264, 1276 (11th Cir. 2002).  Because we conclude that there were insufficient minimum contacts for the exercise of personal jurisdiction over Pasture Renovators, we need not address this additional requirement.