636 So.2d 1351 (1994)
PRES-KAP, INC. d/b/a Prestige Travel of Rockland, Appellant,
v.
SYSTEM ONE, DIRECT ACCESS, INC., Appellee.
No. 93-1440.
District Court of Appeal of Florida, Third District.
April 12, 1994.
Rehearing Denied June 21, 1994.
Adams, Quinton & Fuller and Jonathan N. David, Miami, and Barry S. Kantrowitz, Chestnut Ridge, NY, for appellant.
Zarco & Associates and Mark E. Buechele, Miami, for appellee.
Before BARKDULL and HUBBART and BASKIN, JJ.
HUBBART, Judge.
This is an appeal by a nonresident defendant corporation from a non-final order denying its motion to dismiss a breach contract action for lack of in personam jurisdiction over it. We have jurisdiction to entertain this appeal and reverse. Art. V, § 4(b)(1), Fla. Const.; Fla.R.App.P. 9.130(a)(3)(C)(i).

I
The plaintiff System One Direct Access, Inc. is a Delaware corporation which owns and operates a computerized airline reservation system.[1] The computer base for this system, as well as the plaintiff's billing and main business office, is located in Miami, Florida; the plaintiff also maintains a branch business office in New York City, New York. The plaintiff extensively markets its reservation system throughout the country and has written lease contracts with travel agencies nationwide. In exchange for a monthly fee, the plaintiff provides the travel agency involved *1352 with computer terminals which allow the agency to access through telephone lines the plaintiff's computer base in Miami so as to book airline, automobile, and hotel reservations essential to a travel agency's operations. Prior to 1987, the plaintiff was a division of Eastern Airlines; since then, Eastern was purchased by a holding company which converted the plaintiff into a separate corporation.
The defendant Pres-Kap, Inc. d/b/a Prestige Travel of Rockland is a New York corporation which owns and operates a travel agency in Rockland County, New York; its sole place of business is Rockland County, New York, and all its travel business is conducted out of this office. As part of its nationwide marketing effort, the plaintiff, through a representative from its New York office, solicited the defendant's business at the defendant's travel agency in Rockland County, New York, where the lease contract sued upon was negotiated; in December 1989, the vice president of the defendant executed the subject lease in New York, which lease was subsequently forwarded to the plaintiff's Miami office where it was executed by the plaintiff's representative. Thereafter, the plaintiff delivered and installed computer terminals in the defendant's travel agency in New York.
Prior to that date, the defendant had entered into three similar lease contracts with the plaintiff's predecessor at Eastern Airlines from 1982-89, which contracts were likewise solicited by the plaintiff at the defendant's place of business in New York; however, a provision in past contracts subjecting the defendant to suit in Florida in the event of a dispute was deleted from the present contract. The defendant paid a monthly billing charge on the lease contract by mailing the required fee to the plaintiff's billing office in Miami; all other business between the parties was conducted by the defendant through the plaintiff's New York office.
In early 1991, a dispute arose between the parties concerning the alleged malfunctioning of the airline reservation system. The defendant made complaints to the plaintiff's New York office, but allegedly no effort was made to repair the equipment. As a result, in March 1991, the defendant stopped making its monthly lease payments under the contract, and in July 1991, the plaintiff removed the leased computer terminals at the defendant's request.
The plaintiff thereafter brought suit below against the defendant for breach of the lease agreement. The defendant moved to dismiss this action for lack of in personam jurisdiction over the defendant; the trial court denied the motion. This appeal follows.

II
The law is well settled that in order for a state court to subject a nonresident defendant to an in personam judgment, due process requires that the nonresident defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); International Shoe Co. v. Washington, 326 U.S. 310, 66 S.Ct. 154, 90 L.Ed. 95 (1945); Venetian Salami Co. v. Parthenais, 554 So.2d 499, 500 (Fla. 1989). In particular, the applicable due process test is whether the conduct of the nonresident defendant in connection with the forum state is such that the defendant could reasonably anticipate being haled into court there. World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980); Venetian Salami, 554 So.2d at 500.
In the instant case, the record clearly shows that the defendant is a New York corporation doing business in New York as a travel agency with no offices outside of New York; that the plaintiff, through its New York office, solicited the defendant's business in the state of New York where the subject contract, as well as prior contracts, were negotiated by the parties and executed by the defendant; that the computer equipment supplied under the contract was delivered to the defendant in New York; and when the defendant experienced difficulties with the computerized equipment, complaints were directed to the New York office of the plaintiff. Moreover, a provision in past contracts, subjecting the defendant to suit in Florida in the *1353 event of a dispute between the parties, was deleted from the contract being sued upon. The defendant's only contact with Florida is twofold: (1) the defendant forwarded all rental payments under the contract to the plaintiff's billing office in Miami, and (2) the computer database of the plaintiff's airline reservation system, which the defendant accessed through computer terminals, is located in Miami. Contrary to the trial court's determination, however, we conclude that these two contacts cannot convert this obviously New York-based transaction into a Florida transaction so that the defendant could reasonably expect to be sued in Florida in the event the transaction soured.
It is settled law that "an individual's contract with an out-of-state party alone can[not] automatically establish sufficient minimum contacts in the other party's home forum" to support an assertion of in personam jurisdiction against the out-of-state defendant, even where, as here, the foreign defendant allegedly breaches that contract by failing to make the required payments in Florida. Burger King Corp. v. Rudzewicz, 471 U.S. 462, 478, 105 S.Ct. 2174, 2185, 85 L.Ed.2d 528 (1985); Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla. 1989). The additional factor in this case that the computer database for the contracted-for information happens to be located in Florida cannot change this result. There is no showing on this record that the defendant was even aware of the exact electronic location of the subject computer database, as this clearly would have been of little importance to it. And even if such knowledge had been shown, this surely would not have altered the defendant's reasonable expectation that New York courts would be resorted to in the event of a dispute between the parties over this New York-based contract solicited by the plaintiff in New York, negotiated by the parties in New York, executed by the defendant in New York, and serviced by the plaintiff in New York. It is true that the defendant may have benefited financially from the subject contract, as well as prior similar contracts, but this was a financial gain arising from a New York, not a Florida-based business transaction. This being so, we think the trial court erred in denying the defendant's motion to dismiss this action for lack of in personam jurisdiction over the defendant. The maintenance of the instant suit against the defendant, based on the totality of the circumstances, offends traditional notions of fair play and substantial justice  and therefore does not comply with the minimumcontacts due process requirement which must be met before Florida may assume in personam jurisdiction over a nonresident defendant.
Indeed, a contrary decision would, we think, have far-reaching implications for business and professional people who use "online" computer services for which payments are made to out-of-state companies where the database is located. Across the nation, in every state, customers of "on-line" computer information networks have contractual arrangements with out-of-state supplier companies, putting such customers in a situation similar, if not identical, to the defendant in the instant case. Lawyers, journalists, teachers, physicians, courts, universities, and business people throughout the country daily conduct various types of computer-assisted research over telephone lines linked to supplier databases located in other states.[2] Based on the trial court's decision below, users of such "on-line" services could be haled into court in the state in which supplier's billing office and database happen to be located, even if such users, as here, are solicited, engaged, and serviced entirely instate by the supplier's local representatives. Such a result, in our view, is wildly beyond the reasonable expectations of such computerinformation users, and, accordingly, the result offends traditional notions of fair play and substantial justice. Burger King Corp.; International Shoe Co.; Venetian Salami Co.
For the above-stated reasons, the non-final order under review is reversed, and the cause is remanded to the trial court with directions to dismiss the action against the *1354 defendant for lack of in personam jurisdiction.
Reversed and remanded.
BASKIN, J., concurs.
BARKDULL, Judge, dissenting.
I respectfully dissent. The appellant, for over nine years, availed itself of information supplied by a computer data base located here in Florida.[1] This information regarding the availability of commercial airline seats, contributed to the financial well being of the appellant as a travel agency located in New York State. It executed a total of four contracts between 1982 and 1989, and made rental payments in Florida for such use from 1982 until 1991. It was certainly on notice that it could reasonably expect to be sued in the courts of Florida. See and compare Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985); Venetian Salami v. Parthenais, 554 So.2d 499 (Fla. 1989); Sorokwasz v. Kaiser, 549 So.2d 1209 (Fla. 3d DCA 1989); Pellerito Foods v. American Conveyors, 542 So.2d 426 (Fla. 3d DCA 1989).
Therefore I find no error in the trial court denying a motion to dismiss for lack of personal jurisdiction, and would affirm.
NOTES
[1] The relevant jurisdictional facts are contained in the affidavits filed by the parties in support of and in opposition to the defendant's motion to dismiss.
[2] For example, Westlaw is based in St. Paul, Minnesota, and all bills are generated and paid in St. Paul. (Source: Westlaw Customer Service (800) 937-8529). Lexis is based in Dayton, Ohio, and all bills for use of the Lexis System are generated in and paid in Dayton. (Source: Lexis Customer Service (800) 543-6862).
[1] The fact that the ownership of the computer base may have changed over the years is immaterial.