PER CURIAM.
GenCare Health Systems, Inc., appeals a non-final order denying its motion to dismiss for lack of jurisdiction. We conclude that long-arm jurisdiction was properly predicated on paragraph 48.193(l)(g), Florida Statutes (1993). See Eastern Air Lines, Inc. v. Mobil Oil Corp., 564 F.Supp. 1131, 1145 (S.D.Fla.1983) aff'd. 735 F.2d 1379 (Temp.Emer.Ct.App.1984); Citizens Bank of Perry v. Harlie Lynch Constr. Co., 426 So.2d 52, 54 (Fla. 1st DCA 1983); Housing Auth. of Ft. Pierce v. Foster, 237 So.2d 569, 571-72 (Fla. 4th DCA 1970).* We likewise conclude that the contractual relationship here involved satisfied the minimum contacts test outlined in Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985). In our view the facts of the present case involve considerably greater contact with Florida than the circumstances involved in Pres-Kap, Inc. v. System One Direct Access, Inc., 636 So.2d 1351 (Fla. 3d DCA), review denied, 645 So.2d 455 (Fla.1994), the principal decision relied on by GenCare.
Affirmed.

 We do not need to reach the alternative claim of jurisdiction under paragraph 48.193(l)(b), Florida Statutes.