ROTHENBERG, J.
The plaintiff, Roony Invest & Finance, S.A. (“Plaintiff’), a British Virgin Islands company whose principal address is in Cyprus, filed suit against Swanky Apps, LLC (“Swanky”), a New York limited liability company, and Swanky’s manager/chief operating officer, Daren Hornig (“Hornig”), a New York resident (collectively, “Defendants”). The Defendants appeal from a non-final order denying their Motion to Dismiss Complaint for Lack of Personal Jurisdiction and Forum Non Coveniens (“Motion to Dismiss”). We reverse.
The Plaintiffs complaint asserts claims against the non-resident Defendants based on alleged material misrepresentations made by Hornig that induced the Plaintiff to invest in Swanky. The issue in this appeal is whether the Defendants — a limited liability company and its manager-have sufficient minimum contacts with Florida to satisfy due process requirements where the only contacts the Defendants had with the state of Florida are as follows.
When Hornig was in New York, he accepted a phone call from the Plaintiffs representative, who was temporarily in Florida, to discuss the possibility of the Plaintiff investing in Swanky. The Plaintiff is not a Florida entity and the Plaintiffs representative is not a Florida resident. With Hornig’s consent, the Plaintiffs representative remotely accessed Hornig’s computer to view a PowerPoint presentation regarding Swanky. Thereafter, while Hornig was in New York and the Plaintiffs representative was temporarily in Miami Beach, they exchanged emails regarding the potential investment. The Plaintiffs representative sent and received emails from Hor-nig on his computer while temporarily in Florida. However, there is no indication in the affidavits filed in support of, or in opposition to, the Defendants’ motion to dismiss for lack of personal jurisdiction that Hornig knew, or should have reasonably known, that the Plaintiffs representative was physically located in Florida when the emails were exchanged or when the Plaintiffs representative placed the call to Hornig or accessed Hornig’s computer. Further, the agreement executed by the Plaintiff and Swanky in connection with the investment was not executed in Florida and the agreement and/or investment will have no impact on Florida or any of its residents.
We review a trial court’s order denying the Defendants motion to dismiss for lack of personal jurisdiction de novo. Ferguson v. Estate of Campana, 47 So.3d 838, 842 (Fla. 3d DCA 2010).
[T]o determine whether personal jurisdiction exists over a non-resident defendant, a trial court generally conducts a two-step inquiry. First, the trial court must determine whether sufficient jurisdictional facts are alleged in the complaint such that [the] action falls within the ambit of Florida’s long-arm statute, section 48.193, Florida Statutes. [Wendt v. Horowitz, 822 So.2d 1252, 1256 (Fla.2002) ]; Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989). In doing so, the court must strictly construe the statute in favor of the non-resident defendants. Blumberg v. Steve Weiss & Co., 922 So.2d 361, 363 (Fla. 3d DCA 2006) (citing Wendt, 822 So.2d at 1256). Second, the trial court must determine whether “sufficient minimum contacts exist between Florida *339 and the defendant to satisfy due process requirements.” Id. at 364 (citing Wendt, 822 So.2d at 1256); Venetian Salami 554 So.2d at 502.
“[D]ue process requires that the nonresident defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.” Pres-Kap, Inc. v. Sys. One, Direct Access, Inc., 636 So.2d 1351, 1352 (Fla. 3d DCA 1994). “In particular, the applicable due process test is whether the conduct of the nonresident defendant in connection with the forum state is such that the defendant could reasonably anticipate being haled into court there.” Id.
As to the first inquiry, we note that “ ‘committing a tortious act’ within Florida under section 48.193(l)(b)[1] can occur by making telephonic, electronic, or written communications into this State, provided that the tort alleged arises from such communications,” Wendt, 822 So.2d at 1253 (emphasis added), and under certain circumstances, such communications can also satisfy due process requirements. OSI Indus., Inc. v. Carter, 834 So.2d 362, 365 (Fla. 5th DCA 2003) (holding that minimum contacts existed to satisfy due process requirements because “by calling [pjlaintiff in Florida, [the non-resident defendant] knew that his alleged misrepresentations would impact [pjlaintiff in Florida. [The non-resident defendant] knew [pjlaintiff worked in Florida, and thus [non-resident defendant] should have realized that [pjlaintiffs reliance on alleged misrepresentations regarding retirement or pension plans would injure [pjlaintiff in Florida”); see also Wendt, 822 So.2d at 1257-58 (holding that “physical presence is not necessarily required to satisfy the constitutionally mandated requirement of minimum contacts”).
The Plaintiff attempts to establish personal jurisdiction on the non-resident Defendants based on two forms of communications—telephonic and electronic. The telephonic communication consists of a single telephone call that Hornig, Swanky’s manager who was in New York, accepted from the Plaintiffs representative, who was temporarily in Miami Beach. The electronic communications consist of the exchange of a few emails between Hornig and the Plaintiffs representative, and Hor-nig’s act of allowing the Plaintiffs representative to remotely access his computer. Despite the Plaintiffs representative’s temporary presence in Florida when the telephonic and electronic communications occurred, there is no evidence that Hornig knew the Plaintiffs representative was in Florida at the time of these communications. Further, the Plaintiffs investment in Swanky has absolutely no connection with Florida—the Plaintiff is not a Florida entity; the Plaintiffs representative is not a Florida resident; the investment involves a New York company; and the investment will not affect a Florida resident or entity.
The non-resident Defendants could not have reasonably anticipated being haled into a Florida court where the contacts *340 they had with Florida were not purposefully directed into Florida, and the contacts were nothing more than random and fortuitous. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (holding that the “ ‘purposeful availment’ requirement ensures that a defendant will not be haled into a jurisdiction solely as a result of ‘random,’ ‘fortuitous,’ or ‘attenuated’ contacts.”); World-Wide Volkswagen Corp. v. Woodson, 444 U.S. 286, 297, 100 S.Ct. 559, 62 L.Ed.2d 490 (1980) (holding that, in determining whether the nonresident defendant has sufficient minimum contacts with the forum state, the test is whether “the defendant’s conduct and connection with the forum State are such that he should reasonably anticipate being haled into court there”). We, therefore, reverse the non-final order denying the Defendants’ motion to dismiss for lack of personal jurisdiction.
Based on our determination as to personal jurisdiction, we do not address the remaining arguments raised by the Defendants, including the denial of the motion to dismiss for forum non conveniens.
Reversed.
EMAS, J., concurs in result.

. Section 48.193(l)(b), Florida Statutes (2012), provides in pertinent part:
Acts subjecting person to jurisdiction of courts of state.—
(1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subjection thereby submits himself or herself ... to the jurisdiction of the courts of this state for any cause of action arising from the doing of any of the following acts:
[[Image here]]
(b) Committing a tortious act within the state.