SUAREZ, J.
Federico Torrealba Navas, Gian-na Cersosimo, and certain members of the Costa Rican law firm of Fació and Cañas (“F & C”), appeal from a non-final order denying their motions to dismiss for lack of jurisdiction and inconvenient forum. We have jurisdiction pursuant to Florida Rule of Appellate Procedure 9.130(a)(3)(c). See also WEG Indus., S.A. v. Compania De Seguros Generales Granai, 937 So.2d 248 (Fla. 3d DCA 2006). We review de novo a non-final order denying a motion to dismiss for lack of jurisdiction. Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co. Ltd., 752 So.2d 582, 584 (Fla.2000). We review an order denying a motion to dismiss based on inconvenient forum for abuse of discretion. Kinney Sys., Inc. v. Continental Ins. Co., 674 So.2d 86, 90-92 (Fla.1996); Ryder Sys., Inc. v. Davis, 997 So.2d 1133, 1134 (Fla. 3d DCA 2008); see also, Court Commentary to Rule 1.061 (“Orders granting or denying dismissal for forum non conveniens are subject to appellate review under an abuse-of-discretion standard.”).
Craig A. Brand, the plaintiff below, is a Florida lawyer and businessman with an address in Miami, Florida. Brand lived in Costa Rica for several years and established business interests there. The defendants, some of whom reside in Miami-Dade County (the “Florida Defendants”), alleged that Brand coerced them to invest, either directly or indirectly, in his Costa Rican businesses, and then defrauded them. Brand alleges that the Florida Defendants, in an attempt to recoup their investments, hired the Costa Rican lawyers Torrealba and Cersosimo to file a “public” criminal investigation against Brand and others for theft and fraud in his dealings with the Florida Defendants and other non-parties. Brand alleges that the Florida Defendants, through Torrealba and Cersosimo, successfully obtained a Costa Rican immigration stay order that prevented him from leaving Costa Rica. Brand alleges that, as a result of the *769 fraudulent criminal investigation, suppliers refused to offer credit and his pharmaceutical business was forced to close.
In 2009, the Costa Rican prosecutor’s office advised Torrealba and Cersosimo that there was no evidence with which to proceed criminally against Brand, and it would dismiss the criminal investigation and drop the immigration hold against him. Brand immediately moved to Florida. The record indicates that Torrealba traveled to Florida to meet with the Florida Defendants. Shortly thereafter, Torre-alba and Cersosimo, through the Costa Rican law firm of F & C, and the Florida Defendants converted the criminal case into a private civil case against Brand, which they filed in Costa Rica and which remains pending there.
Brand sued the Florida Defendants and the Costa Rican lawyers in Miami-Dade County for intentional tort pursuant to the Civil Remedy for Criminal Practices Act, intentional tort of conspiracy to defraud, injunctive relief, and two counts of false imprisonment (solely against the Florida investors). Brand alleged in his complaint that the Florida Defendants intentionally and fraudulently brought, or caused others to bring, frivolous criminal and civil suits and investigations against him in Costa Rica and the United States, in an attempt to recoup investments the Florida investors made in Brand’s Costa Rican business ventures. The Florida Defendants, and Torrealba and Cersosimo (now members of the F & C law firm), moved to dismiss for lack of jurisdiction and inconvenient forum.
As agreed by the parties, the trial court relied on the documents and evidence provided by the parties to resolve the motions. In a thirty-three page order, the trial court determined that Brand alleged sufficient jurisdictional facts to satisfy Florida’s Long-Arm Statute, and that the defendants failed to overcome their burden to rebut those assertions. The trial court found the defendants had sufficient minimum contacts with Florida, both direct and indirect, to satisfy due process considerations, concluding that, although Brand may have suffered monetary damages in Costa Rica, the injuries originated in Florida with the Florida Defendants. On analysis of the motion to dismiss for forum non conveniens, the trial court determined, upon examination of the evidence, that Florida was an adequate alternative forum; the private interests favored Brand’s choice of forum; a substantial number of the witnesses are located in, or are residents of, Florida; Brand has the greater private interest in keeping the action in Florida, as against Florida residents (the Florida Defendants), and the unopposed evidence suggests Brand could not reinstate his action in Costa Rica under Costa Rican law. The trial court denied the motions to dismiss based on lack of jurisdiction and forum non conveniens. The trial court also denied the defendants’ alternative motion to stay the proceedings on the basis of comity while the civil suit continues in Costa Rica, reasoning that the causes of action and the parties are different between the two suits. Torrealba, Cersosimo, F & C, and several additional attorneys within the F & C firm appeal.[1]
The trial court judge was exceedingly thorough in his analysis of both jurisdiction and inconvenient forum as appliéd to the Costa Rican attorneys and the F & C law firm. Machtinger v. Inertial Air *770 line Servs., Inc., 937 So.2d 730, 733-34 (Fla. 3d DCA 2006), provides:
A plaintiff seeking jurisdiction over a non-resident defendant must plead the basis for jurisdiction. A defendant contesting jurisdiction must file affidavits in support of his motion to dismiss. The plaintiff must then support the grounds upon which he claims jurisdiction with affidavits. If the two sets of affidavits cannot be reconciled, the court must hold an evidentiary hearing to resolve the factual conflicts and determine the issue of jurisdiction. Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989).
In the case before us, the defendant attorneys and defendant law firm provided verified motions to dismiss, but the record contains no affidavits in support of their contention that jurisdiction does not exist or that Costa Rica is the more appropriate forum. The lack of affidavits, coupled with the agreed order to travel on the documents submitted in support of the motions to dismiss, effectively negate the Defendants’ argument on appeal that they should have received an evidentiary hearing.
JURISDICTION
To determine whether personal jurisdiction exists over a non-resident defendant, the trial court must conduct a two-step inquiry. First, the trial court must determine whether sufficient jurisdictional facts are alleged in the complaint such that the action falls within Florida’s long-arm statute, section 48.193, Florida Statutes.[2] See Wendt v. Horowitz, 822 So.2d 1252, 1256 (Fla.2002); Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989). In doing so, the trial court must strictly construe the statute in favor of the non-resident defendants. Blumberg v. Steve Weiss & Co., 922 So.2d 361, 363 (Fla. 3d DCA 2006) (citing Wendt, 822 So.2d at 1256). Next, the trial court must determine whether “sufficient minimum contacts exist between Florida and the defendant to satisfy due process requirements.” Id. at 363 (citing Wendt, 822 So.2d at 1256); Venetian Salami, 554 So.2d at 502. “[D]ue process requires that the nonresident defendant have certain minimum contacts with the forum state such that the maintenance of the suit does not offend traditional notions of fair play and substantial justice.” Pres-Kap, Inc. v. Sys. One, Direct Access, Inc., 636 So.2d 1351, 1352 (Fla. 3d DCA 1994). The applicable due process test asks whether the conduct of the nonresident defendant in connection with the forum state is such that the defendant could reasonably anticipate being haled into court there. Id. Our first jurisdictional inquiry on de novo review follows this same route. We note that the appropriate inquiry is whether the tort as alleged in the complaint occurred in Florida, and not whether the alleged tort actually occurred. See Walter Lorenz Surgical, Inc. v. Teague, 721 So.2d 358 (Fla. 1st DCA 1998).
The record on appeal supports the trial court’s conclusion that Brand demonstrated Torrealba and Cersosimo had sufficient minimum contacts with Florida to satisfy due process concerns, such that the *771 maintenance of the suit does not “offend traditional notions of fair play and substantial justice.” See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 503 (Fla.1989). The appellants traveled from Costa Rica into Florida to meet with the Florida Defendants, in furtherance of suits filed against plaintiff in Costa Rica; the record shows that Torrealba and Cersosimo obtained signatures from the Florida Defendants in order to file criminal and civil actions against Brand in Costa Rica. The appellants hired local counsel to file a Florida Bar complaint against Brand and requested Homeland Security to investigate him.
In addition, there were sufficient acts by which the defendant law firm, F & C, purposely availed itself of the privilege of conducting activities within the state, invoking the benefits and protection of its laws. F & C admits to conducting business for more than fifty clients who reside in, or are citizens of, Florida. Torrealba and Cersosimo, as employees of F & C, made phone calls and sent emails to the Florida Defendants in furtherance of suits filed against Brand in Costa Rica. The contact requirement can be met by telephonic contact, email or written communication alone. Wendt v. Horowitz, 822 So.2d 1252, 1252 (Fla.2002). F & C hired Torrealba and Cersosimo, who continued to represent the Florida Defendants. F & C argues it has no direct connection with Florida. However, it is unlawful for anyone employed by an enterprise to, directly or indirectly, participate in criminal activity — including extortion, which is sufficiently alleged in Brand’s complaint.[3] The trial court’s analysis of jurisdiction with respect to the two Costa Rican attorneys and their law firm is thorough. On de novo review, having examined the record on appeal, we agree with the trial judge’s legal conclusion that the Florida court can appropriately exercise jurisdiction over the parties and we affirm the denial of the defendants’ motion to dismiss for lack of jurisdiction.
FORUM NON CONVENIENS
We necessarily follow Kinney System, Inc. v. Continental Ins. Co., 674 So.2d 86, 94 (Fla.1996) and progeny in evaluating the trial court’s decision on the defendants’ motion to dismiss for forum non conveniens. Each of the considerations set forth by Kinney was fully addressed by the trial court in its order. The defendants submitted no affidavits in support of their contention that Costa Rica was a more adequate or convenient forum than Florida. Brand, on the other hand, submitted the affidavit of a well-respected Costa Rican attorney, jurist, and legal academic, who opined that Brand would have no remedy under Costa Rican law for the damages he seeks in this lawsuit. The Defendants assert that Brand could file a counterclaim in the civil suit now pending *772 against him in Costa Rica, but Defendants provide no expert legal opinion to support this conclusion.
Our review of the complaint and record demonstrates that, based on the test set forth in Kinney, Florida is a more convenient forum to litigate the issues than Cos-ta Rica. Based on our standard of review we cannot re-weigh the evidence and we conclude that the trial court did not abuse its discretion by denying the defendants’ motion to dismiss on forum non conveniens grounds.
Affirmed.

. The Order on appeal separately analyzed the three separate defendant groups: 1) the Florida Defendants, 2) the Costa Rican attorneys Torrealba and Cersosimo, and 3) the F & C law firm. Only Torrealba and Cersosimo and the F & C law firm appeal from the order below.

. (1) Any person, whether or not a citizen or resident of this state, who personally or through an agent does any of the acts enumerated in this subsection thereby submits himself or herself and, if he or she is a natural person, his or her personal representative to the jurisdiction of the courts of this state for any cause of áction arising from the doing of any of the following acts:
(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state.
(b) Committing a tortious act in this state.

. It is unlawful for any person:
(1) Who has with criminal intent received any proceeds derived, directly or indirectly, from a pattern of criminal activity or through the collection of an unlawful debt to use or invest, whether directly or indirectly, any part of such proceeds, or the proceeds derived from the investment or use thereof, in the acquisition of any title to, or any right, interest, or equity in, real property or in the establishment or operation of any enterprise.
(2) Through a pattern of criminal activity or through the collection of an unlawful debt, to acquire or maintain, directly or indirectly, any interest in or control of any enterprise or real property.
(3) Employed by, or associated with, any enterprise to conduct or participate, directly or indirectly, in such enterprise through a pattern of criminal activity or the collection of an unlawful debt.
(4) To conspire or endeavor to violate any of the provisions of subsection (1), subsection (2), or subsection (3).
§ 772.103, Fla. Stat. (2013).