GUNTHER, Judge.
Appellant, Hitesh Panchal, defendant below (Defendant), appeals a trial court order denying his motion to dismiss. Because the trial court lacked personal jurisdiction over Defendant, we reverse.
Defendant was a crew member of Carnival Cruise Lines, Inc. while Appellee/Plaintiff was a passenger on a cruise ship run by Carnival. Plaintiff filed a six count complaint against Defendant and Carnival based on an alleged sexual assault committed by Defendant. The ship was docked in Dominica, West Indies when the alleged sexual assault occurred. The two pertinent counts against Defendant seek damages for assault and battery and intentional infliction of emotional distress.
*246 Defendant filed a motion to dismiss for lack of personal jurisdiction contending the complaint did not allege sufficient facts to bring the action 'within the ambit of Florida’s long arm statute. The complaint alleges that Defendant was a crew member of Carnival Cruise Line, Inc. when the alleged incident occurred. Furthermore, the complaint alleges that the contract between Plaintiff and Carnival stated “... all disputes and matters whatsoever arising under, in connection with, or incident to the Contract shall be litigated, if at all, in and before a Court located in the State of Florida, U.S.A to the exclusion of the Courts of any other state or country.” The trial court ultimately denied Defendant’s motion to dismiss.
The appropriate procedure for resolving questions concerning personal jurisdiction is set out in the supreme court’s opinion of Venetian Salami Co. v. J.S. Parthenais, 554 So.2d 499 (Fla.1989). First, the trial court must determine whether the plaintiff has alleged sufficient jurisdictional facts to bring the action within the ambit of the long arm statute. Id. at 502. Assuming the plaintiff has alleged sufficient facts to bring the action within the ambit of the long arm statute, the trial court must then determine whether the defendant has sufficient minimum contacts with Florida to satisfy federal due process requirements. Id.
In the instant case, the counts against Defendant sounded in tort (assault and battery; intentional infliction of emotional distress). Where a complaint alleges tortious acts by a defendant, long arm jurisdiction is conferred if the tortious act occurred in Florida, or the act occurred outside of Florida but resulted in injury in Florida and:
[t]he defendant was engaged in solicitation or service activities within this state; or [pjroducts, materials, or things processed, serviced, or manufactured by the defendant anywhere were used or consumed within this state in the ordinary course of commerce, trade, or use.
§§ 48.193(l)(b), 48.193(l)(f) Fla.Stat. (1993).
Plaintiff failed to allege sufficient jurisdictional facts to show compliance with the long arm statute. The complaint contained neither basis for long arm jurisdiction involving tortious conduct. Moreover, jurisdiction over Defendant cannot be conferred simply because of his association with Carnival or the language on the ticket because Defendant was sued as an individual in the instant suit. Thus, a separate basis for personal jurisdiction must exist before Defendant can be brought before a Florida court. Accordingly, the trial court erred in denying Defendant’s motion to dismiss for lack of personal jurisdiction.
Because the trial court lacked personal jurisdiction over Defendant, this ease is reversed and remanded for further proceedings consistent with this opinion.
REVERSED AND REMANDED.
GLICKSTEIN and WARNER, JJ., concur.