PER CURIAM.
Premier Hotel Corporation, doing business as Premier Resorts and Hotels, appeals an order denying its motion to dismiss for lack of jurisdiction. We affirm.
The letterhead of appellant’s corporate president, and business cards of some of its officers, indicate that it has a Miami office as well as offices elsewhere. We therefore view with skepticism appellant’s effort to deny that it has a Miami presence.
The present lawsuit claims breach of contract, and fraudulent inducement to enter into the contract, between the parties. Taking the affidavit of the appellant’s chairman as true, we accept the contention that appellant’s Miami activities were somewhat limited. Nonetheless, the affidavit concedes at least some contact with relation to this commercial transaction at the Miami location, and concedes that appellant’s agent, Premier World Marketing, a Florida corporation, performed some services in Florida on this contract.
The long-arm statute provides personal jurisdiction of “[a]ny person ... who personally or through an agent does any of the acts enumerated in this subsection ... *648 for any cause of action arising from the doing of any of the following acts: (a) ... having an office or agency in this state.” § 48.193(l)(a), Fla. Stat. (1989).
We conclude that the basis for jurisdiction was sufficiently shown, and that an evidentiary hearing was not required under Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989).
Affirmed.