PER CURIAM.
AppellanVdefendant, a Caymanian-regis-tered bank, appeals the denial of its motion to dismiss for lack of personal jurisdiction.
The trial court conducted a day-long evi-dentiary hearing on the appellant/defendant’s motion to dismiss at which the ap-pellees/plaintiffs presented evidence that the defendant bank’s only Caymanian presence was a “mail drop” and that the Colombian office urged by the bank to be *1289 its principal place of business was not even established until 1998 (five years after the accounts at issue were opened). In addition to claims for breach of contract and conversion, plaintiffs also sued the defendant bank for allegedly defamatory letters written on behalf of the bank against the appellees. The defendant bank has not challenged Florida’s jurisdiction over that count. While the defamation count of the complaint is separate from the breach of contract and conversion counts, we believe that the allegations of the defamation count are closely related to the allegations of the conversion and breach of contract counts and that, therefore, the Florida court is the proper forum to provide complete relief for the parties’ disputes.
We conclude that there was competent, substantial evidence to support the trial court’s finding that, pursuant to section 48.193(l)(a), Florida Statutes, the defendant was operating, conducting, engaging in, or carrying on a business or business venture in this state and that defendant’s contacts were sufficient to satisfy the due process test of minimum contacts. See Venetian Salami Co. v. Parthenais, 554 So.2d 499, 500-01 (Fla.1989). The trial court properly denied the defendant bank’s motion to dismiss.
Affirmed.