FARMER, C.J.
We reverse a nonfinal order finding personal jurisdiction over a nonresident defendant.
Essentially plaintiff is in the business of finding personnel for companies in need. Defendant is a Colorado company in the computer software business who hired a new sales consultant.
*687 The background is this. A banker who dealt with defendant recommended a candidate for employment. As a result, the candidate contacted defendant. Shortly after that, plaintiff contacted two of defendant’s staff to sell its recruitment services to defendant, but both staff members declined any engagement. Nevertheless plaintiff sent defendant a form letter purporting to confirm an engagement and stating that if defendant hired anyone referred to it by plaintiff that act would constitute de facto acceptance of the engagement and the terms of plaintiffs standard form agreement. When called by plaintiff, one staff person with defendant said that she would “run [the papers] by the CFO.”
Meanwhile plaintiff happened to speak to the candidate already recommended by the banker and suggested defendant as an employer who would be interested in his services. Plaintiff sent the candidate’s ré-sumé to defendant by e-mail. Later, defendant employed the candidate.
Plaintiff sued defendant here in Florida for breach of contract and on the common counts. Defendant responded with a motion to dismiss for lack of jurisdiction. By affidavits defendant established that it is a Delaware corporation with its only office in Colorado. It showed that it has no office in Florida, nor does it conduct or solicit business here. None of this evidence was contradicted by plaintiff in its evidentiary showing. Plaintiffs affidavits included the papers sent to defendant, with the assertion that defendant’s hiring of the candidate meant acceptance of the engagement which, plaintiff asserted, also meant that defendant had breached the contract by failing to pay plaintiff.
There was absolutely no evidence to support any finding that defendant does business in Florida or solicits business here. Hence the only possible basis for long arm jurisdiction was plaintiffs assertion that defendant breached a contract requiring performance in Florida. See § 48.193(l)(g), Fla. Stat. (2003) (person subjects himself to Florida courts’ jurisdiction by “breaching a contract in this state by failing to perform acts required by the contract to be performed in this state.”). Even if the proposed contract were actually accepted by defendant — and, we stress, we doubt the record shows sufficient evidence of an acceptance — plaintiffs showing was that the only act defendant had to perform in Florida was payment to plaintiff here.
The supreme court has said “we do not believe that the mere failure to pay money in Florida, standing alone, would suffice to obtain jurisdiction over a nonresident defendant.” Venetian Salami Co. v. Parthenais, 554 So.2d 499, 503 (Fla.1989). As the court explained:
“To put this statement in perspective, consider a scenario in which a New York company telephones a Florida resident and convinces him to buy a $5 widget. The Florida resident returns the widget without payment because it does not work. Surely, it could not be said that the Florida resident had sufficient minimum contacts with New York such that he should reasonably contemplate being haled into court there to defend against a suit for nonpayment.”
554 So.2d at 503.
To be sure, it is grossly evident from the affidavits that defendant did nothing to purposefully direct its activities to plaintiff, much less Florida. There is nothing showing that it sought to avail itself of the privilege of carrying on business activities here. See Burger King Corp. v. Rudzewicz, 471 U.S. 462, 474-75, 105 S.Ct. 2174, 85 L.Ed.2d 528 (1985) (“The unilateral activity of those who claim some relationship with a nonresident defendant cannot satis *688 fy the requirement of contact with the forum State.... [I]t is essential in each case that there be some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws.”); Hanson v. Denckla, 357 U.S. 235, 253, 78 S.Ct. 1228, 2 L.Ed.2d 1283 (1958). Without such purposeful availment, there is no basis for defendant to foresee being subject to suit in Florida.
REVERSED.
WARNER and MAY, JJ., concur.