PER CURIAM.
This case involves the issue of specific jurisdiction over non-resident defendants. Appellee, a Florida corporation, held a judgment against a Virginia corporation which it sought to satisfy by filing this action in the trial court against Appellants, a Delaware corporation and the CEO of the Delaware corporation. In their complaint, Appellees alleged that the Delaware corporation transferred all assets from the Virginia corporation to itself in an effort to avoid liability on the judgment. The trial court denied the Appellants’ motion to dismiss based on lack of personal jurisdiction. The trial court found jurisdiction over the Delaware corporation was proper where it received fraudulently conveyed assets from the Virginia corporation and where the CEO was personally involved in the transfer he too was subject to jurisdiction. Appellants argue that the complaint failed to properly plead the statutory basis for long-arm jurisdiction. We agree and reverse.
Appellants’ challenge is to the sufficiency of Appellee’s allegations. Ap-pellee correctly argues that a plaintiff may obtain jurisdiction over a non-resident defendant by pleading the language of the statute without including the supporting facts. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989). Section 48.193, Florida Statutes (2005), provides for specific jurisdiction over an individual not a citizen or resident of this state “for any cause of action arising from the doing of any of the following acts” and then delineates such acts. The two acts applicable to this analysis are “(a) Operating, conducting, engaging in, or carrying on a business or business venture in this state or having an office or agency in this state” and “(b) Committing a tortious act within this state.” Appellees pled that the Delaware corporation was doing business in the state and that the CEO both did business in the state and engaged in tortious conduct within the state. These allegations satisfy sections (a) and (b) of the statute, but Appellee did not plead the statutory language of section (1) of the statute, namely that the cause of action arose from the activities as pled. Appellees did not plead how its claims for successor liability or piercing the corporate veil arose out of Appellants doing business in Florida, nor is this connection apparent on the face of the complaint in the instant facts. This deficiency makes Appellee’s allegations insufficient to obtain specific jurisdiction over the non-resident defendants. Accordingly, we reverse and remand this matter to the trial court for further proceedings consistent with this opinion.

Reversed.

STONE, GROSS and HAZOURI, JJ., concur.