MAY, J.
The plaintiff appeals a non-final order granting the defendant Box Brothers of Greater New York, LLC’s motion to dismiss for lack of personal jurisdiction. It argues the trial court erred in granting the motion at a non-evidentiary hearing. We agree and reverse. .
Thé complaint contained the following factual allegations. The plaintiff purchased some antiques in New York. It then contacted the defendant at its office in New Jersey to arrange for the packing and shipping of the antiques from New York to Florida. The defendant prepared a price quotation, including an amount for special insurance. It collected the amount quoted for the service of packing and shipping the goods. When the goods were delivered in Fort Lauderdale, two of the antiques were badly damaged.
The plaintiff filed suit against the defendant and the insurance company for breach of contract. It alleged personal *694 jurisdiction under section 48.193(l)(g), Florida Statutes (2005), Florida’s long-arm statute. The defendant moved to dismiss, pursuant to Rule 1.140(b)(1), (2), (8), Florida Rules of Civil Procedure. It limited its jurisdictional argument to a lack of minimum contacts; it did not argue that the allegations did not fit within the reach of the long-arm statute.
At a non-evidentiary hearing, defense counsel argued that the defendant was a New Jersey company with no ties to the state of Florida. No testimony was taken and no exhibits were introduced.[1] The trial court granted the motion relying on Homeway Furniture Co. of Mount Airy, Inc. v. Home, 822 So.2d 533 (Fla. 2d DCA 2002).
The plaintiff argues the trial court erred in granting the motion because the defendant failed to provide proof to refute its factual allegations of personal jurisdiction over the New Jersey defendant. The defendant responds that it was not required to present sworn proof. Regardless, it suggests it possessed two documents at the hearing to prove Florida lacked personal jurisdiction over it.
The issue of in personam jurisdiction presents a pure question of law providing for de novo review. Execu-Tech Bus. Sys., Inc. v. New Oji Paper Co., 752 So.2d 582, 584 (Fla.2000). It also requires a two-step analysis. Venetian Salami Co. v. Parthenais, 554 So.2d 499, 502 (Fla.1989). First, the complaint must allege sufficient facts to bring the action within the reach of Florida’s long-arm statute, section 48.193, Florida Statutes (2005). If it does, then the defendant must have sufficient minimum contacts with the state to satisfy constitutional due process requirements. Id.
Here, the defendant restricted its jurisdictional argument to the lack of minimum contacts. The plaintiffs complaint alleged the defendant breached a contract to pack and deliver the antiques to the plaintiff in Florida. The defendant’s motion disputed those facts,[2] but was neither supported by an affidavit nor was any evidence filed or introduced at the hearing. The lack of evidentiary support is fatal to the defendant’s position.
Even though Home is factually similar because it involved a claim for delivery of damaged furniture, we find it legally inap-posite for three reasons. First, the defendant in Home provided affidavits establishing that it had no offices within the state of Florida. Second, the complaint in Home alleged that the defendant had committed tortious acts within the state; it did not, involve breach of contract allegations. And third, the court in. Home never reached the issue of whether there were sufficient minimum contacts because the jurisdictional question was decided on the long-arm statute.
For these reasons, we must reverse and remand the case for an evidentiary hearing.

Reversed and Remanded.

STONE and FARMER, JJ., concur.

. The defendant has moved to supplement the record with two documents it claims were presented to the trial court. The plaintiff opposes the motion because the record reflects no documents were introduced during the hearing. The transcript actually reflects that the defendant referred to documentation, but never introduced it at the hearing. It is therefore not part of the record on appeal.

. The motion and memorandum argued that this defendant retained a third-party to ship the goods.