FARMER, J.
 

 A condominium association sued the joint owners of a unit for an injunction to enforce rules relating to the rental of units. The owners are not married to each other and there is evidence they live at different residences in Chicago. The association attempted service of process on both at the same address. Both moved to
 
 *972
 
 quash service, each arguing that the association had failed to plead long arm jurisdiction properly to make process effective, and that the service itself was also defective. The trial court denied their motions. We affirm as to him and reverse as to her.
 

 We agree that the complaint sufficiently pleaded personal jurisdiction over both defendants by alleging that they owned the unit. The long arm statute authorizes personal service outside the state on “[a]ny person, whether or not a citizen or resident of this state” for a cause of action arising from “owning ... real property within this state.” § 48.193(l)(c), Fla. Stat. (2010). The bare allegation of ownership of the unit is enough to bring them within the jurisdiction of the court without further alleging where each resides.
 
 See
 
 Fla. R. Civ. P. 1.070(h) (it is sufficient to plead the basis for service in the language of the statute without pleading the facts supporting service);
 
 Venetian Salami Co. v. Parthenais,
 
 554 So.2d 499, 502 (Fla.1989).
 

 As for him, the process server’s return on service states that he was personally served at the address shown on the summons and that he confirmed that fact by pointing to his name on the summons. The summons included an alleged alias for him, which use he denied in an affidavit. He argues the return on service is therefore defective. But the summons and return both include the name by which he admits he is known. The inclusion of an alleged alias is immaterial to the validity of service or the return. No evidentiary hearing as to service on him was required to decide his motion to quash service.
 

 As for her, there is an evidentiary problem requiring a hearing, which the Association now concedes. The process server’s affidavit states that service was made at her “usual place of abode” by delivering it to a co-resident. Her affidavit states that she had not lived at that address for over 30 years and had not been a co-resident with him for over 13 years. If that was not her usual place of abode, she could not be served there by delivering the summons to a resident at that address. Only after an evidentiary hearing can the trial judge resolve that factual conflict.
 

 The final judgment is reversed as to her and the case remanded for further proceedings consistent with this opinion. It is affirmed as to him.
 

 GROSS, C.J., and STEVENSON, J., concur.