PER CURIAM.
We reverse an order dismissing a second amended complaint with prejudice for failure to state a cause of action. Upon a review of the four-count Second Amended Complaint for Conversion, Breach of Trust, Violation of the Uniform Transfers to Minors Act, and Unjust Enrichment, we conclude that the Second Amended Complaint states a cause of action as to counts I, II, and IV. With respect to count III, we conclude that although the trial court correctly recognized that the allegations fail to meet the required elements for a cause of action under the Act in count III, the complaint may be amended to include those allegations of fact under counts I and II. Plaintiff also was not required to attach documents to the complaint under Rule 1.130, Florida Rules of Civil Procedure.
In its order, the court also found that the plaintiff failed to establish long-arm jurisdiction.[1] In light of our holding that the plaintiff stated a cause of action for torts occurring in Florida, the court should conduct the second prong of the analysis described in Venetian Salami Co. v. Parthenais, 554 So.2d 499 (Fla.1989), if the defendant files an affidavit refuting the complaint’s allegations or raising an issue of minimum contacts. See Hatfield v. AutoNation, Inc., 915 So.2d 1236, 1241 (Fla. 4th DCA 2005).

Reversed and remanded for further proceedings.

WARNER, GROSS, JJ., and STONE, BARRY J., Senior Judge, concur.

. The long-arm statute provides for numerous acts by a person that will subject him to the jurisdiction of Florida’s courts, including "[c]ommittmg a tortious act within this state.” § 48.193(l)(b), Fla. Stat. (2010).