DISTRICT COURT OF APPEAL OF THE STATE OF FLORIDA
FOURTH DISTRICT

**EDMOND CASH,**
Appellant,

v.

**JAY STOLTENBERG** and **SHERI STOLTENBERG,**
Appellees.

No. 4D2024-0459

[October 23, 2024]

Appeal of a nonfinal order from the Circuit Court for the Nineteenth Judicial Circuit, Indian River County; Cynthia L. Cox, Judge; L.T. Case No. 2023CA000012.

Eve A. Cann of Baker, Donelson, Bearman, Caldwell & Berkowitz, PC, Fort Lauderdale, for appellant.

Leon E. Sharpe of Leon E. Sharpe PA, Miami, for appellees.

MAY, J.

The defendant in a multi-count complaint appeals a nonfinal order denying his motion to vacate a clerk's default and dismiss due to lack of personal jurisdiction. He argues the trial court erred in failing to grant his motion. Our review of the record reveals the affidavits submitted by the opposing sides were in conflict on a critical fact affecting jurisdiction. We therefore reverse and remand the case for a limited evidentiary hearing on personal jurisdiction.

The plaintiffs brought a twelve-count civil complaint against ten defendants, alleging they were defrauded into investing in a Georgia limited liability company ("LLC").[1] The defendant is a Georgia resident and the LLC's former manager. The plaintiffs served the defendant at his home in Georgia. A clerk's default was entered after he failed to timely respond.

---

[1] The specific claims alleged against the defendant are unjust enrichment, breach of fiduciary duty, fraud, fraud in the inducement, negligence, violation of the Florida Securities and Investor Protection Act, conversion, civil theft, and conspiracy.

The defendant moved to vacate the default and dismiss the complaint. He argued the clerk's default was void due to lack of personal jurisdiction. He filed an affidavit contesting the factual basis for personal jurisdiction.

In his affidavit, the defendant attested that he acquired a membership interest and role as manager in the LLC. He did not operate any business ventures in Florida or conduct any business here. He attested that he never had any direct or indirect communication with the plaintiffs prior to their purchase of a membership interest in the LLC. He never directed anyone else to communicate with the plaintiffs on his behalf prior to their investment.

He also denied marketing to the plaintiffs directly or indirectly, stating: "At no time did I advise, induce, or otherwise recommend that [p]laintiffs invest in [the LLC]. Further, I did not direct anyone else to advise, induce, or otherwise recommend that [p]laintiffs invest in [the LLC]."

One of the plaintiffs filed an affidavit attesting that he signed an agreement with defendant Strategic Financial to invest in the LLC, among other companies. He was put in contact with Strategic Financial through defendant Pathfinders, LLC (a Florida entity). He claimed that "upon information and belief" the defendant contacted Strategic Financial and Pathfinders, LLC, to engage them in soliciting investors for the LLC.

The key claim – that the defendant engaged a Florida entity to solicit investments in the LLC – is the only claim in the affidavit not based upon the plaintiff's direct personal knowledge. That claim is also the point of conflict between the plaintiff's and the defendant's affidavits.

Following a brief non-evidentiary hearing, the court issued a conclusory order denying the defendant's motion. From this order, the defendant now appeals.

We have de novo review of the order on appeal as it involves a purely legal issue. *NHB Advisors, Inc. v. Czyzyk*, 95 So. 3d 444, 447 (Fla. 4th DCA 2012) (citing *Wendt v. Horowitz*, 822 So. 2d 1252, 1256–57 (Fla. 2002)).

*Venetian Salami Co. v. Parthenais*, 554 So. 2d 499 (Fla. 1989), articulates the two-step analysis for determining whether personal jurisdiction exists over a nonresident defendant. First, the complaint must allege sufficient jurisdictional facts to bring the action within the ambit of Florida's long-arm statute, section 48.193, Florida Statutes. *Id.* at 502.

2

Second, the court must determine "whether sufficient 'minimum contacts' are demonstrated to satisfy due process requirements." *Id.* (citations omitted).

A defendant who challenges personal jurisdiction may contest a plaintiff's assertions by filing an affidavit in support of a motion to dismiss. *Id.* If the defendant sufficiently disputes the allegations, then the burden shifts back to the plaintiff to present evidence establishing a sufficient factual basis for personal jurisdiction. *Id.*

If the evidence and affidavits can be harmonized, the trial court can render a decision upon undisputed facts. *Id.* at 503. However, if a direct conflict exists between the affidavits and evidence which cannot be reconciled, the court must hold a limited evidentiary hearing to determine jurisdiction. *Ningbo Daye Garden Mach. Co., Ltd. v. Int'l Glob. Res. Corp.*, 384 So. 3d 220, 226 (Fla. 4th DCA 2024).

Here, a direct conflict exists between the defendant's and plaintiff's affidavits which cannot be reconciled. We must therefore reverse and remand this case to the trial court for a limited evidentiary hearing on personal jurisdiction.

*Reversed and remanded for an evidentiary hearing.*

GROSS and CIKLIN, JJ., concur.

\*　　　\*　　　\*

**Not final until disposition of timely filed motion for rehearing.**