# DISTRICT COURT OF APPEAL OF FLORIDA
## SECOND DISTRICT

_____

STRAUB, SEAMAN & ALLEN, P.C.,
and THOMAS WAGGONER, ESQ.,

Appellants,

v.

JASON S. ELLIS; QUALITY AUTOMOTIVE, LLC;
WILLIAM DORSCH; and SAM McLEAN,

Appellees.

No. 2D2024-0230

_____

November 13, 2024

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Pinellas County; Amy M. Williams, Judge.

James H. Wyman of Hinshaw & Culbertson LLP, Coral Gables; and Sarah Hafeez of Hinshaw & Culbertson LLP, Fort Lauderdale, for Appellants.

Jonathan E. Hackworth of Hackworth Law, P.A., Tampa, for Appellee Jason S. Ellis.

No appearance for remaining Appellees.

MORRIS, Judge.

Straub, Seaman & Allen, P.C., and Thomas Waggoner (collectively, the Firm) appeal from a nonfinal order denying the Firm's motion to dismiss for lack of personal jurisdiction. Initially, appellee Jason S. Ellis

filed a complaint in Indiana against the other appellees in this case, Quality Automotive, William Dorsch, and Sam McLean,[1] alleging that they failed to properly repair his vehicle in Indiana where Ellis had it delivered from Florida. The Firm represented Quality Automotive in the Indiana suit. Notably, there is no dispute that Waggoner is a Michigan resident; has never practiced law in Florida; has not maintained, rented, leased, operated, or owned any real estate in Florida; and was not present in Florida when the Firm disclosed the existence of a recorded phone call between Quality Automotive and Ellis—the basis for Ellis's complaint against the Firm. There is also no dispute that the Firm is a Michigan corporation that (1) has never been incorporated in Florida or operated any business in Florida; (2) has never maintained, rented, leased, operated, or owned any real estate in Florida; (3) does not have a designated agent for service of process in Florida; (4) does not market any products in Florida; (5) was not present in Florida when it was purportedly served with process in the suit below; and (6) was not present in Florida when the existence of the recorded phone call was disclosed.

In October 2021, during discovery in the Indiana litigation, the Firm responded to an interrogatory from Ellis, wherein it informed Ellis of the existence of the recorded phone call between Ellis and Quality Automotive. The phone call occurred in May 2019 prior to the Firm's retention by Quality Automotive, and it was recorded in Indiana.

Upon learning of the recorded phone call, Ellis filed an amended complaint in Pinellas County alleging claims against the other appellees as well as the Firm based on the recording of the phone call and the

---

[1] Dorsch and McLean were employees of Quality Automotive.

2

disclosure of its existence, which he asserted were violations of section 934.03, Florida Statutes (2021). Specifically, as to the Firm, he alleged that the Firm illegally disclosed, endeavored to disclose, used, or endeavored to use the existence of the phone call in violation of section 934.03(1)(c) and (d). Ellis contended that this constituted the commission of a tort within the state. Ellis also included a count for injunctive relief against the Firm. The Firm filed its motion to dismiss for lack of personal jurisdiction, and the trial court summarily denied it without a hearing.[2]

Because we conclude that the Firm did not commit a tortious act within the state to bring it within the personal jurisdiction of the trial court, we reverse.

ANALYSIS

We review de novo a trial court's ruling on a motion to dismiss for lack of personal jurisdiction. *Kountze v. Kountze*, 996 So. 2d 246, 251 (Fla. 2d DCA 2008) (en banc).

"Before a Florida court can exercise personal jurisdiction over a nonresident defendant, a two-stage inquiry is conducted." *Id.* In the first stage, a trial court must determine whether there are sufficient jurisdictional facts to support long-arm jurisdiction pursuant to section 48.193, Florida Statutes (2021). *Id.* In "the second stage, a constitutional inquiry is conducted to determine whether sufficient minimum contacts exist between the forum state and the defendant to satisfy the due process requirement that a nonresident defendant 'should reasonably anticipate being haled into court' in Florida." *Id.* (quoting

---

[2] The motion was also brought on behalf of Quality Automotive and William Dorsch. It was denied as to them as well. They are separately appealing the denial. *See Quality Auto., LLC v. Ellis*, 2D2024-0228.

3

*Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 500 (Fla. 1989)). "Failure to satisfy either inquiry means the forum state's court does not have the authority to exercise jurisdiction over the defendant."  *Id.*

The first stage requires courts to "strictly construe jurisdictional statutes."  *Id.*  "If a case can be resolved on statutory grounds, the constitutional inquiry need not be reached."  *Id.*

Section 48.193(1)(a)2 provides that a person is subject to personal jurisdiction of a Florida court where the person commits a tortious act within the state.  *See also Kountze*, 996 So. 2d at 252 (quoting section 48.193(1)(b) which was subsequently renumbered as 48.193(1)(a)2).[3] This applies to nonresident defendants who are physically within the state when the tortious act is committed, and it has also been applied to nonresident defendants "who commit acts outside the State of Florida that have been regarded as tortious acts within the state."  *Kountze*, 996 So. 2d at 252.

The tortious act complained of here was the Firm's purported disclosure, endeavor to disclose, use, or endeavor to use the contents of the May 2019 phone call in its response to Ellis's interrogatory questions.  Section 934.03(1)(c) and (d) prohibits the intentional disclosure or endeavor to disclose to any other person, or the use or endeavor to use, the contents of any wire, oral, or electronic communication where a party knew or had reason to know that the information was obtained through the interception of a wire, oral, or electronic communication in violation of the statute.

In *Kountze*, this court addressed the question of whether a person's isolated act of recording in another state a phone call originating in

---

[3] *See* ch. 2013-164, § 1, Laws of Fla.

Florida constituted the commission of a tort within the state for purposes of exercising long-arm jurisdiction. 996 So. 2d at 248. In strictly construing section 48.193(1)(b), we concluded that it did not. *Id.* We acknowledged that in that case, our decision was "influenced by the fact that the act was not illegal in the state where the defendant actually committed it and was not illegal under the federal law that would apply to interstate telephone calls." *Id.* at 252. And we followed "the general rule that the existence of an injury within Florida, standing alone, is insufficient to support jurisdiction over an out-of-state tortfeasor." *Id.*

This court also explained the ramifications if section 48.193(1)(b) was applied broadly to factual scenarios such as the one analyzed in *Kountze*:

> If the legislature could create a statutory cause of action that deemed an action in another state to have occurred in Florida, and then use that deemed action as the basis to find tortious conduct in Florida justifying jurisdiction over the defendant, then section 48.193(1)(b) would permit practically any regulated act committed anywhere in the world affecting a person in Florida to subject the actor to the jurisdiction of the courts of Florida even if that person had no other contacts with the state. No doubt such a broad application of the statute would be held unconstitutional as applied in many scenarios . . . . We have no basis to believe that the legislature intended such an expansive interpretation of section 48.193(1)(b) . . . .

*Id.* at 252-53. Thus we declined to interpret section 48.193(1)(b) as permitting Florida courts to exercise personal jurisdiction over a nonresident defendant based solely on the defendant's act of recording a phone call within another state. *Id.* at 253.

Here, Ellis does not allege that the Firm recorded the phone call. Indeed, that would have been impossible because the phone call occurred in May 2019 prior to the Firm being retained by Quality

5

Automotive.[4]  Rather, Ellis contends that the Firm disclosed the existence of the phone call in its response to an interrogatory in the Indiana litigation.  If, as we held in *Kountze*, the recording in another state of a phone call originating in Florida is insufficient by itself to constitute the commission of a tortious act within Florida, then merely disclosing the existence of such a recording from another state to a person in Florida—here, the plaintiff—should likewise be insufficient by itself to constitute the commission of a tort within Florida.  Ellis's purported injury within Florida is insufficient, standing alone, to establish long-arm jurisdiction over the Firm.  *Cf. Kountze*, 996 So. 2d at 252.

We note that Ellis cites to section 48.193(1)(a)1 as another statutory provision that would provide the trial court with personal jurisdiction over the Firm.  That section deals with the operation of or engaging in a business within the state or having an office or agency in the state.  As previously discussed, the Firm does not operate or engage in a business within Florida nor does it have an office or agency within the state.  Ellis maintains that Quality Automotive both solicited and conducted business within the state and that, therefore, the Firm—who was hired to represent Quality Automotive in the Indiana litigation—is

---

[4] It is undisputed that the act of recording a phone call is not illegal under either Indiana or federal law when one party consents.  *Cf. Apter v. Ross*, 781 N.E.2d 744, 754, 756 (Ind. Ct. App. 2003) (explaining that for purposes of the Indiana Wiretap Act, the recording of a phone call is not considered an "interception" if it is done with the consent of the sender or receiver of the call and also explaining that under the Federal Wiretap Act, the interception of phone calls is prohibited unless one party to the communication consents or a court order is obtained authorizing such interception).  The phone call in this case was recorded in Indiana with the obvious consent of Quality Automotive.

likewise subject to the personal jurisdiction of Florida courts. Ellis cites no legal authority for this proposition, nor has this court located any such authority.

Ellis's complaint failed to state sufficient jurisdictional facts for purposes of establishing long-arm jurisdiction over the Firm pursuant to section 48.193(1)(a)1 and 2. Having reached this conclusion, it is unnecessary for this court to determine whether the Firm had sufficient minimum contacts with the state. *See Kountze*, 996 So. 2d at 251. The trial court erred by denying the Firm's motion to dismiss for lack of personal jurisdiction. We therefore reverse and remand.

Reversed and remanded.

SLEET, C.J., and CASANUEVA, J., Concur.

_____

Opinion subject to revision prior to official publication.