DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT

QUALITY AUTOMOTIVE, LLC, and WILLIAM DORSCH,

Appellants,

v.

JASON S. ELLIS,

Appellee.

No. 2D2024-0228

_____

January 3, 2025

Appeal pursuant to Fla. R. App. P. 9.130 from the Circuit Court for Pinellas County; Amy Williams, Judge.

Carla M. Sabbagh and Gregory D. Jones of Rywant, Alvarez, Jones, Russo & Guyton, P.A., Tampa, for Appellants.

Jonathan E. Hackworth of Hackworth Law, P.A., Tampa, for Appellee.

KELLY, Judge.

Appellants Quality Automotive, LLC, and William Dorsch challenge the nonfinal order denying their motion to dismiss for lack of personal jurisdiction. Because the appellants did not commit a tortious act within the state to bring them within the jurisdiction of the trial court, we reverse.

Quality is a corporation operating in Indiana. Appellant William Dorsch is an employee of Quality and a resident of Indiana. In 2018

appellee Jason Ellis sued Quality in Indiana for failing to properly repair his vehicle. In 2019 Dorsch and fellow employee Sam McClean recorded a telephone conversation with Ellis without his knowledge. At the time, Dorsch and McClean were in Indiana, while Ellis was in Florida. Ellis subsequently sued Quality and Dorsch in Pinellas County alleging violations of section 934.03, Florida Statutes (2019), which prohibits the recording and disclosure of telephone conversations without the consent of the person being recorded.

Ellis's complaint alleged that the Pinellas County court had jurisdiction over the foreign defendants under section 48.193(1)(a)2, Florida Statutes (2019), which provides for long-arm jurisdiction when a defendant commits a tortious act within the state. The appellants moved to dismiss the complaint arguing, among other things, that they had not committed a tortious act within Florida. The trial court denied the motion to dismiss without elaboration. In this appeal, Quality and Dorsch argue this was error. We agree.

We review the ruling on a motion to dismiss de novo. *Kountze v. Kountze*, 996 So. 2d 246, 251 (Fla. 2d DCA 2008) (en banc). As this court explained in *Kountze*, a Florida court must first determine whether the complaint sufficiently alleges a factual basis under Florida's long-arm statute before it can exercise jurisdiction over a nonresident defendant. *Id.* (citing *Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989)). Second, the court must determine whether sufficient minimum contacts exist between the forum state and the nonresident defendant to satisfy constitutional due process requirements. *Id.* (citing *Venetian Salami*, 554 So. 2d at 500). "Failure to satisfy either inquiry means the forum state's court does not have the authority to exercise jurisdiction over the defendant." *Id.* Here, Ellis failed to satisfy the first inquiry.

2

This court has previously addressed the issue of whether the nonconsensual recording of a phone call between a defendant in another state and a plaintiff in Florida constitutes a tortious act in Florida, thereby bringing the defendant within the long-arm jurisdiction of Florida. In *Kountze*, this court reversed the trial court's denial of the defendant's motion to dismiss based on the lack of personal jurisdiction. We held that while section 934.03 "creates a private cause of action for the nonconsensual interception of a communication originating within Florida[, it] cannot transform a defendant's out-of-state act of recording that communication, standing alone, into a 'tortious act within this state' for jurisdictional purposes." *Id.* at 248. Thus, under the holding in *Kountze*, the facts Ellis alleged are not sufficient to establish long-arm jurisdiction under section 48.193(1)(a)2 by showing that the appellants committed a tortious act within this state. However, "[i]f [Ellis] believes he can allege another statutory basis for long-arm jurisdiction under section 48.193 in good faith, he should be permitted to do so." *Id.*

Accordingly, we reverse and remand for further proceedings consistent with this opinion.

Reversed and remanded.

ROTHSTEIN-YOUAKIM and LABRIT, JJ., Concur.

———————————————

Opinion subject to revision prior to official publication.