[DO NOT PUBLISH]

In the

# United States Court of Appeals

## For the Eleventh Circuit

_____

No. 24-12278

Non-Argument Calendar

_____

ROBERT SCOT BUILLDING VENTURE LLC,
RSBV PATHWAY LLC,

Plaintiffs-Appellees,

*versus*

JASON CLOTH,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Southern District of Florida
D.C. Docket No. 9:23-cv-80282-RLR

_____

Before ROSENBAUM, KIDD, and DUBINA, Circuit Judges.

PER CURIAM:

Appellant Jason Cloth appeals the district court's order denying his motion to dismiss the breach of contract and fraud claims filed by Robert Scot Building Venture LLC and RSBV Pathway LLC (collectively "RSBV") against Cloth and his Canadian corporation, Creative Wealth Media Finance Corporation ("CWMF"), of which he is the principal. The dispute arose out of a series of contracts between the parties regarding financing of several entertainment ventures. RSBV filed a motion for default judgment against CWMF on the contract claim, and the district court entered default against CWMF in February 2023, based on CWMF's failure to engage new counsel to defend itself, after its original counsel withdrew months before. CWMF never retained new counsel or moved to set aside that default, so RSBV filed a motion for final default judgment. The district court granted the motion, finding that RSBV had pled all necessary elements for a breach of contract claim, and with CWMF's admission by default, RSBV met the standard for relief. Thus, the district court entered a final judgment against CWMF on the breach of contract claim in the amount of $8,204,165.05.

Cloth later moved to dismiss the fraudulent misrepresentation action arguing that RSBV did not state a claim for fraud with particularity and, consequently, the district court did not have

personal jurisdiction over Cloth and CWMF.  Cloth also filed a motion for continuance.  The district court denied both motions, and the case proceeded to trial.  The jury rendered a verdict in favor of RSBV and against Cloth for fraud and awarded compensatory damages of $6,573,024.00 and punitive damages of $13 million.  The district court entered judgment in favor of RSBV in accordance with the jury verdict, and Cloth appeals.  After reading the parties' briefs and reviewing the record, we affirm the district court's order denying Cloth's motion to dismiss, its order denying Cloth's motion for continuance, and the judgment entered on the jury's verdict, including the award of punitive damages.

## I.

This court reviews de novo the dismissal of a complaint for lack of personal jurisdiction, accepting the allegations in the complaint as true.  *SkyHop Tech., Inc. v. Narra*, 58 F. 4th 1211, 1222 (11th Cir. 2023).  When a defendant submits an affidavit challenging the basis for personal jurisdiction, "the burden shifts back to the plaintiff to produce evidence to support personal jurisdiction.  *Id.* (quotation marks omitted).  When the complaint and the defendant's affidavit conflict, the district court should construe all reasonable inferences in favor of the plaintiff.  *Id.*

## II.

Robert Harris is the principal of the Florida limited liability companies, Robert Scot Building Venture, LLC and RSBV Pathway, LLC.  Jason Cloth is the principal of CWMF, a Canadian corporation.  From July of 2019 to May of 2020, RSBV executed a series

of contracts with Cloth to lend CWMF more than $5 million to finance CWMF's production of seven film projects. Each project received its own loan, and in each contract, in consideration for the loan, CWMF promised to pay RSBV back the principal of the loan, along with 10% interest. Cloth made several misrepresentations to Harris in order to secure another loan from RSBV to finance a new project entitled Pathway. Cloth informed Harris, via email, that several of the loans would be repaid by the third quarter of 2021, and there was no risk associated with the loans, even though he knew at the time that the loans would not be repaid in a timely manner. In May of 2021, Cloth told Harris that the Pathway project had been "greenlit" for five seasons, even though he knew it had only been approved for one season. Ultimately, RSBV loaned CWMF more than $6 million to finance the production of Pathway in reliance upon Cloth's representations.

## III.

Cloth contends that the district court erred by not granting his motion to dismiss for lack of personal jurisdiction because he is a Canadian resident with no minimum contacts in Florida and exercising jurisdiction over him violates the Due Process Clause. "Federal courts ordinarily follow state law in determining the bounds of their jurisdiction over persons." *Id.* at 1222 (quoting *Daimler AG v. Bauman*, 571 U.S. 117, 125, 134 S. Ct. 746, 753 (2014)). Florida courts employ a two-step analysis to determine whether personal jurisdiction exists over a nonresident defendant. *See id.; Venetian Salami Co. v. Parthenais*, 554 So. 2d 499, 502 (Fla. 1989). "A court has personal jurisdiction over a non-resident defendant if (1)

the state's long-arm statute provides jurisdiction, and (2) the exercise of such jurisdiction comports with the Due Process Clause of the Fourteenth Amendment." *Tufts v. Hay*, 977 F.3d 1204, 1211 (11th Cir. 2020) (citation omitted). Cloth only challenges the district court's finding that personal jurisdiction comports with the Due Process Clause.

The Due Process Clause "limits a state's authority to bind a nonresident defendant to a judgment of its courts." *SkyHop*, 58 F.4th at 1228 (quotation marks and alteration omitted). A court has jurisdiction when the nonresident defendant has "certain minimum contacts with [the state] such that the maintenance of the suit does not offend the traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316, 66 S. Ct. 154, 158 (1945) (quotation marks omitted). There are two types of personal jurisdiction: general jurisdiction, which attaches when a defendant is "essentially at home in the forum State," and specific jurisdiction, which "depends on an affiliation between the forum and the underlying controversy." *Goodyear Dunlop Tires Operations, S.A. v. Brown*, 564 U.S. 915, 919, 131 S. Ct. 2846, 2851 (2011) (quotation marks and alteration omitted). In our constitutional analysis, we consider "(1) whether the plaintiff's claims arise out of or relate to at least one of the defendant's contacts with the forum, (2) whether the defendant purposefully availed himself of the privilege of conducting activities within the forum state," and (3) whether the district court's exercise of personal jurisdiction over the defendant aligns with "traditional notions of fair play and substantial

6                    Opinion of the Court                    24-12278

justice." *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1355 (11th Cir. 2013) (citations and quotation marks omitted).

The district court followed these considerations and found that RSBV's fraud claim arose out of or related to Cloth's contact with Florida. The record supports the district court's findings. RSBV's principal, Robert Harris, was located and received the subject fraudulent communications in Florida, and RSBV is a Florida entity. The district court also correctly applied the effects test and the traditional minimum-contacts test and found either test satisfied. *See SkyHop*, 58 F.4th at 1230. To meet the effects test, the tort must have been "intentional, aimed at the forum state, and caused harm that the defendant should have anticipated would be suffered in the forum state." *Del Valle v. Trivago GMBH*, 56 F.4th 1265, 1276 (11th Cir. 2022). "The principal way to establish this relationship is through an activity or an occurrence that takes place in the forum State and is therefore subject to the State's regulation." *SkyHop*, 58 F.4th at 1229 (citation omitted).

We conclude that the record demonstrates that the district court properly exercised jurisdiction over Cloth because Cloth made repeated misrepresentations to Harris about the financing and repayment of loans and purposefully availed himself of the laws of Florida. The district court noted the contractual relationship between the parties and highlighted Cloth's tortious actions. In its order, the district court stated that Cloth made "repeated misrepresentations" on behalf of Creative Wealth while Harris was in Florida as the principal of the Florida based entities. "A

nonresident defendant's single tortious act in the forum state can satisfy the effects test, even if the defendant lacks any other contacts with the forum state." *SkyHop*, 58 F.4th at 1230 (citations omitted). Thus, as the district court properly found, the effects test was met in this case. (R. Doc. 40).

The district court also correctly examined whether the exercise of jurisdiction in Florida would comport with traditional notions of fair play and substantial justice. There are four factors the court considers under this inquiry: (1) the burden on the defendant; (2) the forum's interest in resolving the dispute; (3) the plaintiff's interest in obtaining relief; and (4) the judicial system's interest in a resolution. *Id.* at 1231 (citation omitted). Cloth bears the burden of showing that the court's exercise of jurisdiction is improper. *Id.* First, the record shows that Cloth did not demonstrate that he was burdened by litigating in Florida. Cloth obtained legal representation from New York to represent him, and his counsel proceeded diligently with discovery. Cloth attended and participated in court hearings and a mediation but chose not to appear at trial due to a conflict.

The district court also correctly determined that asserting jurisdiction over Cloth was proper because Florida and its judicial system have an interest in protecting its residents from Cloth's misconduct and that RSBV has an interest in obtaining convenient and effective relief from its forum. Cloth does not adequately argue to the contrary. Hence, we conclude that the record and the law support the district court's exercise of personal jurisdiction over Cloth.

**IV.**

Cloth argues that the district court erred when it did not grant his motion to dismiss pursuant to Federal Rule of Civil Procedure 9(b) because RSBV failed to state a claim for fraud. The false statements alleged in the complaint and upon which the jury found Cloth liable were statements about the repayment of sums that had already been loaned to CWMF and false statements about the Pathway project. Cloth contends that the district court failed to consider the provisions in the Term Sheets that allegedly contradict the fraud allegations.

As the district court found, Cloth's false statements were made to induce RSBV to invest in the new Pathway project. The district court noted that Cloth's misrepresentations are the kinds of statements that investors would rely upon when considering a new investment because the statements refer to the timeline for the investor's returns on the investor's first round of investments and the strength of the new, potential investment. Accepting all the factual allegations in the complaint as true and viewing them in the light most favorable for RSBV, the district court found that they alleged that Cloth knew he had no intention to follow through on his promises regarding the timing of the repayment of the loans. As Rule 9(b) indicates, a plaintiff can plead knowledge generally, as RSBV did here. Moreover, the district court properly found the other elements of fraud were satisfied in the complaint: Cloth made his material misrepresentations with the intention to induce RSBV to invest in a new project; and that RSBV pled sufficiently that they suffered injury due to the misrepresentations. Thus, contrary to

Cloth's assertion, we conclude that the record shows that the district court did not err in denying the motion to dismiss for failure to state a fraud claim with particularity.

## V.

Cloth asserts that the district court abused its discretion in denying his motion for a continuance. In determining whether the district court erred, we consider the moving party's diligence in case preparation, the likelihood that granting the continuance would have remedied the need for it, the level of inconvenience the court and the opposing party would have experienced if the court had continued the case, and the harm that the moving party suffered. *Romero v. Drummond Co., Inc.*, 552 F.3d 1303, 1320 (11th Cir. 2008). "The denial of a request for continuance does not constitute an abuse of discretion unless it is arbitrary and unreasonable and severely prejudices the moving party." *SEC v. Levin*, 849 F.3d 995, 1000 (11th Cir. 2017).

The record demonstrates that the district court took all these factors into consideration when it denied the motion for a continuance. Cloth did not exercise diligence because he chose not to engage counsel after his lawyers withdrew; chose not to resolve whatever issues he had with his counsel that caused them to withdraw; chose not to participate in pre-trial proceedings *pro se*; and chose not to attend the trial because of a prior commitment. As the record shows, Cloth received adequate notice of his need for counsel, he retained counsel, but then counsel withdrew. Cloth did not request a continuance until near the start of trial.

Moreover, we note that RSBV would have been prejudiced by a continuance because they had already prepared for trial. *See id.*, at 1005 (noting that last minute request, if granted, would have increased the inconvenience to the district court and the plaintiff). Based on these facts, we conclude that the district court did not abuse its discretion in declining to grant the motion for continuance.

## VI.

Cloth contends that the jury's award of punitive damages was unconstitutionally excessive. Because Cloth did not object to the jury instructions or verdict form regarding punitive damages, our review of this issue is for plain error only. *See Wammock v. Celotex Corp.*, 835 F.2d 818, 822 (11th Cir. 1988).

When examining whether a punitive damage award is unconstitutionally excessive, we consider three factors: (1) "the degree of reprehensibility of the defendant's misconduct;" (2) "the ratio of the punitive damages award to the actual or potential harm suffered by the plaintiff;" and (3) "the difference between the punitive damages award and the civil penalties authorized or imposed in comparable cases." *Cote v. Philip Morris USA, Inc.*, 985 F.3d 840, 847 (11th Cir. 2021). As to the first factor, the record shows that Cloth engaged in intentional misconduct to induce Harris to invest in the new project. We have found that this factor is supported by a jury's verdict finding the occurrence of an intentional tort, including fraud, and awarding damages. *See McGinnis v. Am. Home Mortgage Serv., Inc.*, 901 F.3d 1282, 1289 (11th Cir. 2018). The jury here

entered a verdict against Cloth for fraud and awarded compensatory and punitive damages.

As to the second factor, we examine "the ratio of punitive damages to compensatory damages." *Cote*, 985 F.3d at 848. We have explained that there is no specific ratio that triggers an unconstitutionally excessive award, but we noted that single-digit multipliers are "more likely to comport with due process." *Id.* (citation omitted). Here, the punitive damage award was approximately twice as much as the compensatory award. This ratio is well within the bounds of constitutional propriety. *See id.* It is worth noting that the jury's compensatory award made RSBV whole; it only returned the investment without any consideration for expected profit or interest. As to the third factor, Cloth presents no case law that calls into question the punitive damage award in this case. Thus, we conclude that the jury's punitive damage award was within acceptable standards.

Accordingly, based on the aforementioned reasons, we affirm the district court's order denying Cloth's motion to dismiss, its order denying the motion for continuance, and the judgment entered on the jury's verdict, including the award of punitive damages.

**AFFIRMED**.[1]

---

[1] Cloth's motion to strike RSBV's supplemental appendix and answer brief is DENIED.