# Third District Court of Appeal
## State of Florida

Opinion filed November 13, 2024.
Not final until disposition of timely filed motion for rehearing.

_____

No. 3D23-1216
Lower Tribunal No. 21-CA-000154-M
_____

**Pipistrel Italia S.r.l., a foreign corporation,**
Appellant,

vs.

**Susan L. Ciccolini, as Personal Representative of the Estate of Stephen Mark Fraysher, deceased, on behalf of herself and all potential beneficiaries and heirs,**
Appellee.


An Appeal from a non-final order from the Circuit Court for Monroe County, Mark H. Jones, Judge.

Locke Lord LLP, Dale A. Evans, Jr. (West Palm Beach), and Eric C. Strain (New York, NY), for appellant.

Podhurst Orseck, P.A., and Stephen F. Rosenthal, Christina H. Martinez and Kristina M. Infante, for appellee.

Before EMAS, LINDSEY and GORDO, JJ.

GORDO, J.

Pipistrel Italia S.r.l. ("Pipistrel Italia") appeals a non-final order denying its motion to dismiss Susan Ciccolini's ("Ciccolini") second amended complaint for lack of personal jurisdiction. We have jurisdiction. Fla. R. App. P. 9.130(a)(3)(C)(i). We affirm.

"A trial court's denial of a motion to dismiss for lack of personal jurisdiction is subject to de novo review." Neal, Gerber & Eisenberg LLP v. Lamb-Ferrara, 388 So. 3d 1112, 1116-17 (Fla. 3d DCA 2024). Where no evidentiary hearing is held, "the facts presented by the plaintiff must be taken as true and the plaintiff is entitled to all reasonable inferences from those facts." Mazda Motor Corp. v. Triche, 365 So. 3d 403, 408 (Fla. 3d DCA 2023) (footnote omitted). "Once the factual basis for the motion is established, the legal question of whether the facts are sufficient to make a prima facie case for jurisdiction is reviewed de novo." Id. at 408-09.

On appeal, Pipistrel Italia argues the trial court erred in finding it was subject to specific jurisdiction in Florida consistent with due process.[1] Because we conclude that Pipistrel Italia had sufficient minimum contacts

---

[1] Pipistrel Italia does not dispute that sufficient jurisdictional facts have been alleged to bring this action within the ambit of Florida's long-arm statute, section 48.193, Florida Statutes, the first prong of the two-step inquiry set forth in Venetian Salami Co. v. Parthenais, 554 So. 2d 499 (Fla. 1989). Pipistrel Italia acknowledges that as the manufacturer of the subject aircraft that was used in Florida, Ciccolini established jurisdiction under section 48.193(1)(a)(6)(b).

with Florida to satisfy due process requirements, we affirm.[2]  See <u>Mazda Motor Corp.</u>, 365 So. 3d at 409-14 ("For due process to be satisfied by a court's exercise of specific jurisdiction over a defendant located outside its territory, the defendant's contacts must meet three conditions.  First, the contacts must involve some act by which the defendant purposefully avails itself of the privilege of conducting activities within the forum . . ., thus invoking the benefits and protections of its laws.  Second, the contacts must be related to the plaintiff's cause of action or have given rise to it.  Third, the defendant's contacts with the forum must be such that the defendant should reasonably anticipate being haled into court there . . . [W]e conclude that the

---

[2] The trial court properly found Pipistrel Italia had sufficient minimum contacts with the state of Florida.  The record before us reflects that Pipistrel Italia engaged in the sort of "additional conduct" recognized by the United States Supreme Court indicating an intent or purpose to serve the Florida market that warrants specific jurisdiction.  See <u>Mazda Motor Corp.</u>, 365 So. 3d at 410-11 ("[T]he U.S. Supreme Court has identified the following conduct as examples of 'additional conduct' indicating an intent or purpose to serve the market in the forum State: (1) sending products to the forum State; (2) designing the product for the market in the forum State; (3) advertising in the forum State; (4) establishing channels for providing regular advice to customers in the forum State; (5) marketing the product through a distributor who has agreed to serve as the sales agent in the forum State; and (6) the sale of the product in the forum State is not simply an isolated occurrence.") (internal quotation marks and footnotes omitted).  Among other actions, Pipistrel Italia: (1) shipped the subject aircraft to Florida; (2) had its CEO, Ivo Boscarol, personally approve the terms of the sale; and (3) marketed the sale of the subject aircraft through distributor Pipistrel USA, who advertises and arranges distribution of Pipistrel aircraft in the United States, including in Florida.

trial judge was eminently correct in finding that the jurisdictional allegations and facts in this case support a determination that [the defendant] had sufficient contacts with Florida for a Florida court to assert personal, case-specific jurisdiction in this matter.") (internal quotation marks and citations omitted).

Affirmed.